No. 26-2424

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

*TERRANCE WALKER*
Plaintiff-Appellant,

**V.**

*Intelli-heart Services Inc, et. al.*
Defendants-Appellees.

_____

**On Appeal from the United States District Court
for the District of Nevada, Reno**

**APPEAL OF, *INTER ALIA*, POST-JUDGMENT MOTIONS ASSERTING
NEW PRECEDENTS BECK V. CHOY and RATHA v. RUBICON
RESOURCES, LLC**

Case No. CV 3:18-cv-00132

_____

**OPENING BRIEF OF PLAINTIFF-APPELLANT TERRANCE WALKER**

_____

**Terrance Walker**
518 Duong 3/2 Dist 10, Ward 14, HCMC VietNam 70000
Phone: +1(775)971-8679
email: walkerbillion@gmail.com

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF ISSUES PRESENTED FOR REVIEW ............................... 2

III. JURISDICTIONAL STATEMENT .................................................... 4

IV. STATEMENT OF THE CASE............................................................ 5

      A. Phase I: The Prescient Preservation of Rule 8 Supremacy ...................... 5

      B. Phase II: The Interim Appellate History ...................................... 5

      C. Phase III: The Current Appeal and the Berk/Ratha Intervention ............ 5

      1. The Merits Established and the Due Process Deprivation in *Walker I* ..... 7

      2. Plaintiff's Prescient Preservation of the Rules Enabling Act Conflict ..... 7

      3. Supreme Court Vindication and the *Ratha* Mandate ............................... 8

      4. The District Court's Procedural Hostility in *Walker III* .......................... 8

V. STATEMENT OF REASONS WHY

      ORAL ARGUMENT SHOULD BE HEARD ...............................................9

VI. SUMMARY OF ARGUMENT ...................................................... 11

      A. Standard of Review .................................................................. 12

VII. ARGUMENT .................................................................................. 14

      A. Plaintiff's Documented Prescience Matches the Ratha Mandate,
      Compelling Rule 60(b)(6) Relief ………................................................... 14

      B. Alternatively, the 2020 Judgment Must Be
      Vacated as Void Under Rule 60(b)(4) For Two Reasons ............................ 15
          1. The Procedural Bypass of Walker's Summary

i.

Judgment Denied Him Due Process …………………..……........16

2. The District Court Lacked Jurisdiction to Entertain
the State Law Procedurally Driven (Anti-Slapp) Claims ................. 18

C. The Dismissal Unlawfully Derailed a Valid $156,914
Claim Rooted in Federal Subcontractor Protections ................................... 19

D. The Anti-SLAPP Dismissal Effectuated an
Unconstitutional Subversion of Federal Regulatory Supremacy ................ 20

E. The District Court Deprived Plaintiff of Due Process by
Issuing a De Facto Pre-Filing Restriction in ECF No. 270
and an Explicit Ban in ECF No. 272 ……………….................................... 22

F. The District Court Abused its Discretion by Striking
Meritorious Filings Flagged for National Editorial Review ....................... 24

VIII. CONCLUSION: *Ratha* requires remand and *Sears* requires Reassignment..26

IX. STATEMENT OF RELATED CASES ........................................................ 28

CERTIFICATE OF COMPLIANCE ..................................................... 31

CERTIFICATE OF SERVICE ................................................................ 31

X. STATUTORY AND REGULATORY ADDENDUM .................................... 32

**APPENDIX OF RECORD DOCUMENTS** ...................................................... 34

## TABLE OF AUTHORITIES

Cases                                                                                                                                         Page

*Berk v. Choy*, 607 U.S. ___ (2026) ................................................................ passim

*Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. ___ (2026) ..... 7, 14

*De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) ........................................ 22

*Gopher Media LLC v. Melone*, 154 F.4th 696 (9th Cir. 2025) ............................ 28

*Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993) ........................................... 14

*Lair v. Bullock*, 697 F.3d 1200 (9th Cir. 2012) .................................................... 12

*Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) ............................................. passim

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) ............. passim

*Nishimatsu Construction Co., Ltd. v. Baize*, 515 F.2d 1200 (5th Cir. 1975) ....... 18

*Orner v. Shalala*, 30 F.3d 1307 (9th Cir. 1994) .................................................... 16

*Ratha v. Rubicon Resources, LLC*, 168 F.4th 541 (9th Cir. 2026).............. passim

*Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014) ... 2, 22

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ................... 16

*United States v. Rivera*, 682 F.3d 1223 (9th Cir. 2012) ....................................... 26

*United States v. Sears, Roebuck & Co.*, 785 F.2d 777 (9th Cir. 1986) ............... 26

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ........................................................... 18, 27

*Walker ex rel. United States v. Intelli-Heart Servs., Inc.*, No. 20-15688,
  20-16341, 2021 WL 4316835 (9th Cir. Sept. 23, 2021) ......................... 5, 28

*Walker v. Intelli-Heart Servs., Inc.*, No. 22-15291 (9th Cir. Oct. 26, 2023) .... 5, 28

iii.

**STATUTES**

**28 U.S.C. § 1291** ............................................................................... 4

**28 U.S.C. § 1331** ............................................................................... 4

**28 U.S.C. § 2072** ......................................................................... 1, 32

**Nev. Rev. Stat. §§ 41.635–41.670** ............................................... 1, 5, 7

**REGULATIONS**

**FAR 44.101** (48 C.F.R. § 52.44.101).................................................. 9, 33

**FAR 52.203-19** (48 C.F.R. § 52.203-19)........................................ passim

**FAR 52.232-40** (48 C.F.R. § 52.232-40)........................................ passim

**RULES**

**Fed. R. App. P. 4** ............................................................................... 4

**Fed. R. App. P. 32** ............................................................................. 31

**Fed. R. App. P. 34** ............................................................................. 9

**Fed. R. Civ. P. 8** ......................................................................... passim

**Fed. R. Civ. P. 56** ....................................................................... passim

**Fed. R. Civ. P. 59** ....................................................................... passim

**Fed. R. Civ. P. 60** ....................................................................... passim

**CONSTITUTIONAL PROVISIONS**

U.S. Const. art. VI, cl. 2 (Supremacy Clause)..............................2, 10, 22

**SECONDARY SOURCES & PERIODICALS**

*A Sleeper Supreme Court Case Opens Door to More Frivolous Suits*,
Bloomberg Law (Jan. 22, 2026),
https://news.bloomberglaw.com/legal-exchange-insights-and-commentary/a-sleeper-supreme-court-case-opens-door-to-more-frivolous-suits(link valid Apr.26,2026)
………………………………………………………………………………..24

Courthouse News Service (CNS), Editorial Review Flag (April 15, 2026)............24

David V. Kramer, 6 Kentucky Practice, Rules of Civil Procedure
Annotated (Thomson Reuters forthcoming 2026)...................................................24

*Early Evidence? Not In This Court!: Supreme Court Clarifies Federal Rules
Govern Over State Law*, Benesch, Friedlander, Coplan & Aronoff LLP (Feb.
2026),
https://www.beneschlaw.com/insight/early-evidence-not-in-this-court-supreme-court-clarifies-federal-rules-govern-over-state-law/(link valid Apr.26, 2026)
……………………………………………………………………………24

Jeffrey I. Ehrlich, *How Berk v. Choy Validates 25 Years of Ninth Circuit
Dissents*, 58 Advocate Mag. 58 (Mar. 2026)

https://www.advocatemagazine.com/article/2026-march/appellate-reports-58 (link valid Apr.26, 2026)

……………………………………………………………………….…24

Law360 Newsroom, Editorial Review Flag (April 16, 2026)..............................24

Mbilike M. Mwafulirwa, The Whimper (Almost)
No One Heard Coming: Berk v. Choy and Anti-SLAPP Statutes,
97 Okla. Bar J. 40 (April 2026)
…………………………………………………………………………passim

*The Supreme Court's 2025–26 Term: Key Cases for Business Lawyers*,
Business Law Today (Apr. 2026),
https://businesslawtoday.org/2026/04/the-supreme-courts-2025-26-term-key-cases-for-business-lawyers/ (link valid Apr.26, 2026)

…………………………………………………………………………24

Travis Chance, *Justices' Med Mal Ruling May Hurt Federal Anti-SLAPP Suits*, Law360 (Jan. 23, 2026),
https://www.law360.com/articles/2433321/justices-med-mal-ruling-may-hurt-federal-anti-slapp-suits (link valid Apr.26, 2026)

…………………………………………………………………24, 25, 27

## I. INTRODUCTION

Unlike general challenges to state-law gatekeepers, this appeal provides a quantified example of the structural damage caused by 'hybrid' Anti -SLAPP procedures like those under Nev. Rev. Stat. §§ 41.635–41.670 when applied "side-by-side" with federal rules. Here, the District Court allowed state-law 'merit-screening' to leapfrog over pending Federal Rule 56 motions (**ECF 158, 171**) that had already established **$156,914 in liquidated damages**. While the legal community debates the theory of Anti-SLAPP displacement in cases like *Gopher Media*, the Plaintiff here suffered a concrete, six-figure loss because the court applied a state procedural rule that the Supreme Court has since declared a legal nullity.

The Plaintiff here is also a documented **"Prescient Litigant"** who explicitly identified this exact **Rules Enabling Act** (28 U.S.C. § 2072 ) conflict in his **2021 Petition for Certiorari (No. 21-832)** years before the Supreme Court adopted his position in <u>Berk v. Choy</u>, 607 U.S. ___ (2026)

**II. STATEMENT OF ISSUES PRESENTED FOR REVIEW**

1. Whether the District Court's judgment is void under Fed. R. Civ. P. 60(b)(4) because the Court exceeded its authority by bypassing Walker's pending Motion for Summary Judgment to apply an extra-procedural state law bar—a standard the Supreme Court has since ruled is displaced by the federal "ceiling" of Rule 8(a) in Berk v. Choy, 607 U.S. ___ (2026).

2. Whether the District Court abused its discretion by denying relief under Fed. R. Civ. P. 59(e) and 60(b)(6) where Walker acted as a "prescient litigant" by consistently raising the federal-state procedural conflict prior to the Supreme Court's decision in *Berk*. Does the Ninth Circuit's en banc decision in *Ratha v. Rubicon Resources, LLC* (2026) mandate the correction of a judgment when a litigant correctly anticipates a shift in controlling law that the District Court summarily rejected?

3. Whether the District Court violated Walker's Fifth Amendment Due Process rights by *sua sponte* declaring a merits-based Motion for Summary Judgment "moot" in order to apply a state-law evidentiary requirement that has now been declared unconstitutional under the Supremacy Clause and the Federal Rules of Civil Procedure.

2

4. Whether the District Court's directive in ECF No. 272—striking all future filings without notice, a hearing, or the required findings of "frivolousness" or "harassment"—constitutes an illegal pre-filing injunction. Did the Court commit a structural error by bypassing the mandatory factors in <u>Ringgold-Lockhart v. County of Los Angeles</u> (9th Cir. 2014), thereby unconstitutionally barring Walker from the court system?

## III. JURISDICTIONAL STATEMENT

**1. District Court Jurisdiction:** The District Court had subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. § 1331, as the claims arose under the Constitution and laws of the United States.

**2. Appellate Jurisdiction:** The Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. This is an appeal from the District Court's final orders (ECF Nos. 270, 272) entered on April 13, 2026, and April 14, 2026, which denied Walker's Motion for Relief from Judgment (Fed. R. Civ. P. 60(b), ECF No. 269) and Motion to Alter or Amend Judgment (Fed. R. Civ. P. 59(e), ECF No. 271). Finality is established by the District Court's directive in ECF No. 272—'No further filings will be allowed... strike all future filings'—which was issued sua sponte without notice or an opportunity for Walker to respond, signaling the Court's complete disassociation from the case.

**3. Timeliness of Appeal:** The appeal is timely. The District Court entered the orders denying the post-judgment motions on April 13 and April 14, 2026. Pursuant to FRAP 4(a)(4)(A), the timely filing of the Rule 59(e) motion tolled the time to file a notice of appeal. Walker filed the Notice of Appeal (ECF No. 273) on April 14, 2026, within the period prescribed by FRAP 4(a)(1)(A).

4

## IV. STATEMENT OF THE CASE

### A. Phase I: The Prescient Preservation of Rule 8 Supremacy

The genesis of this structural challenge began in *Walker ex rel. United States v. Intelli-Heart Servs., Inc.*, No. 20-15688, 2021 WL 4316835 (9th Cir. Sept. 23, 2021) (*Walker I*), *cert. denied*, No. 21-832 (2021). At this earliest stage, years before the Supreme Court's definitive intervention, Plaintiff explicitly identified the fatal Rules Enabling Act conflict between state-law anti-SLAPP evidentiary burdens and the federal pleading "ceiling." By seeking a Writ of Certiorari in Petition No. 21-832, Plaintiff documented a degree of diligence and prescience that squarely meets the "extraordinary circumstances" standard subsequently established in *Ratha v. Rubicon Resources, LLC* (2026).

### B. Phase II: The Interim Appellate History

Plaintiff maintained a structural objection through the interim proceedings in *Walker v. Intelli-Heart Servs., Inc.*, No. 22-15291 (9th Cir. Oct. 26, 2023) (*Walker II*) regarding a change of state law.

### C. Phase III: The Current Appeal and the Berk/Ratha Intervention

The instant appeal, *Walker v. Intelli-Heart Servs., Inc.*, No. 26-2424 (9th Cir. 2026) (*Walker III*), arises from the District Court's summary refusal to apply the January

5

20, 2026 mandate in *Berk v. Choy* and the February 2026 *Ratha* doctrine to vacate a judgment now recognized as a legal nullity. Unlike previous iterations, *Walker III* presents a fully crystallized record where the Supreme Court has adopted Plaintiff's exact 2021 legal theory, necessitating vacatur under Fed. R. Civ. P. 60(b).

**1. The Merits Established and the Due Process Deprivation in *Walker I*** On May 8, 2019, Plaintiff filed fully briefed Motions for Partial Summary Judgment (ECF Nos. 158, 171), establishing a valid contract and $156,914 in damages based on federal protections under FAR 52.232-40. However, rather than adjudicating these established merits, the District Court unconstitutionally stayed the federal proceedings to hear the Defendants' state-law anti-SLAPP motions (ECF Nos. 159, 169) under Nev. Rev. Stat. §§ 41.635–41.670. By allowing a state "probability of success" test to bypass the federal summary judgment standard, the District Court stripped Plaintiff of a fundamental right to be heard on the established merits, effectuating a severe deprivation of due process.

**2. Plaintiff's Prescient Preservation of the Rules Enabling Act Conflict** Recognizing the structural unconstitutionality of this procedural bypass, Plaintiff relentlessly preserved his objections through the appellate process. In 2021, years before intervening higher authority would rule on the matter, Plaintiff filed a Petition for Writ of Certiorari (No. 21-832) in *Walker I*, explicitly warning the United States Supreme Court that Nevada's anti-SLAPP evidentiary burdens fatally conflict with the Federal Rules of Civil Procedure.

**3. Supreme Court Vindication and the Ratha Mandate** In January 2026, the Supreme Court unanimously adopted Plaintiff's exact legal theory in <u>Berk v. Choy</u>, 607 U.S. ___ (2026), declaring state-law merit-screening in federal court a legal nullity. Shortly thereafter, this Court, sitting en banc in <u>Ratha v. Rubicon Resources, LLC</u>, 168 F.4th 541 (9th Cir. 2026), established that litigants who presciently identify and preserve such arguments prior to an intervening change in law are entitled to relief under Rule 60(b)(6).

**4. The District Court's Procedural Hostility in *Walker III*** Armed with these dispositive 2026 mandates, Plaintiff filed for relief (ECF Nos. 269, 271)  Plaintiff's filing—made within months of the dispositive *Berk* and *Ratha* rulings was, indisputably,  filed  in reasonable time (Rule 60(c)(1)); <u>Coney Island Auto Parts Unlimited, Inc. v. Burton</u>, 607 U.S. ___ (2026) from these new mandates. In response, however, the District Court refused to acknowledge these higher court rulings or Plaintiff's documented prescience, summarily dismissing the citation of binding precedent as "yet another attempt" to litigate (ECF No. 270). The District Court then bypassed all procedural due process requirements mandated by *Molski v. Evergreen Dynasty Corp.* to impose a permanent pre-filing ban (ECF No. 272), effectively attempting to sanitize the record of the $156,914 in wrongfully mooted federal claims.

8

## V. STATEMENT OF REASONS WHY ORAL ARGUMENT SHOULD BE HEARD

Pursuant to Federal Rule of Appellate Procedure 34(a)(1), Appellant Terrance Walker respectfully requests oral argument. This appeal should not be submitted on the briefs because the decisional process will be significantly aided by oral argument, and the dispositive issues involve matters of constitutional supremacy and intervening Supreme Court precedent that affect federal litigants nationwide. *See* Fed. R. App. P. 34(a)(2).

Oral argument is necessary for three primary reasons:

**1. Unresolved Tension Regarding the *Berk v. Choy* Mandate:** This appeal presents an issue of first impression in this Circuit regarding the precise mechanism by which district courts must unwind erroneous state-law anti-SLAPP dismissals in light of the Supreme Court's January 2026 mandate in *Berk v. Choy*. The legal community is currently fractured over how state "probability of success" tests must be displaced by the Federal Rules—a conflict evidenced by the pending Supreme Court petition in <u>Gopher Media LLC v. Melone</u> (No. 25-1067). Oral argument will allow this panel to authoritatively address how the *Berk* mandate applies to fully briefed Rule 56 summary judgment motions that were unconstitutionally stayed and "leapfrogged" by state gatekeepers.

**2. The Supremacy Clause and Federal Subcontractor Protections:** This case is not merely a procedural dispute; it involves a direct conflict between state procedural statutes and the Federal Acquisition Regulation (FAR). Appellant's underlying tort claims are inextricably intertwined with his federally protected status under FAR 44.101, FAR 52.232-40, and FAR 52.203-19. Oral argument is required to address the constitutional implications of allowing a state anti-SLAPP statute to erase federal subcontractor protections and subvert the Supremacy Clause.

**3. Application of the *Ratha* "Prescient Litigant" Doctrine:** Appellant is a documented "prescient litigant" who warned the Supreme Court of this exact Rules Enabling Act conflict in 2021 (Petition No. 21-832). This appeal serves as a critical test case for the application of this Court's recent en banc mandate in <u>Ratha v. Rubicon Resources, LLC,</u> 168 F.4th 541 (9th Cir. 2026). The panel's inquiry during oral argument will significantly aid in defining the boundaries of Rule 60(b)(6) relief for litigants who diligently preserved arguments prior to intervening, vindicating Supreme Court authority.

Because this appeal involves structural constitutional errors, the improper suppression of $156,914 in established federal claims, and widespread editorial interest from the national legal media, it warrants the rigorous public scrutiny of oral argument.

## VI. SUMMARY OF ARGUMENT

As detailed in the **April 2026 Oklahoma Bar Journal**, the Supreme Court's mandate in ***Berk v. Choy*** has triggered a 'monumental shift' in federal procedure. This shift confirms what Plaintiff has argued since 2021: state-law 'probability of success' tests (Anti-SLAPP) cannot displace the **Federal Rule 8** pleading ceiling or stay a valid **Rule 56** motion for summary judgment where **$156,914 in damages** have been established.

The structural error in this case—allowing state-law merit-screening to 'leapfrog' over Plaintiff's merits (ECF 158/171)—is the exact issue currently before the Supreme Court in <u>Gopher Media LLC v. Melone</u>, No. 25-1067 (filed Mar. 6, 2026). As the **Gopher Media** petition correctly identifies, if state 'merit certificates' are displaced by **Rule 8** under **Berk**, then Anti-SLAPP 'probability of success' tests are equally displaced as a matter of law. The District Court's refusal to acknowledge this (ECF 270, 272) was a clear abuse of discretion in light of the **intervening 2026 mandates**.

## A. Standard of Review

This Court generally reviews the District Court's denial of Rule 60(b) and Rule 59(e) motions for abuse of discretion. However, a district court necessarily abuses its discretion when it bases its decision on an erroneous view of the law.

Under this Court's en banc mandate in <u>Ratha v. Rubicon Resources, LLC,</u> 168 F.4th 541 (9th Cir. 2026), a district court's denial of Rule 60(b)(6) relief to a "prescient litigant" following a dispositive intervening change in law constitutes a clear error of law. Consequently, the District Court's refusal to apply <u>Berk v. Choy</u>, 607 U.S. \_\_\_ (2026), to Plaintiff's Rule 60(b)(6) motion is reviewed *de novo*.

Whether a prior circuit precedent (e.g., *Newsham*) has been rendered 'clearly irreconcilable' with intervening higher authority (*Berk v. Choy*) under <u>Miller v.</u>

12

Gammie, 335 F.3d 889 (9th Cir. 2003) (en banc), is a pure question of law reviewed **de novo**. *See* Lair v. Bullock, 697 F.3d 1200, 1206 (9th Cir. 2012). Because the District Court failed to recognize that *Berk* serves as a federal 'ceiling' that displaces state law, its denial of relief was based on an erroneous legal premise and must be reviewed without deference

Because the question of whether a judgment is void is a question of law, this Court reviews the denial of a Rule 60(b)(4) motion de novo.

Also, whether intervening Supreme Court authority is "clearly irreconcilable" with prior circuit precedent under Miller v. Gammie, 335 F.3d 889 (9th Cir. 2003) (en banc), and whether a state statute is displaced under the **Rules Enabling Act**, are questions of law reviewed *de novo*.

Finally, the District Court's failure to provide requisite procedural due process before imposing pre-filing restrictions under Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007), is an error of law reviewed *de novo*.

## VII. ARGUMENT

**A. Plaintiff's Documented Prescience Matches the Ratha Mandate, Compelling Rule 60(b)(6) Relief.**

This appeal presents a rare procedural posture where the appellant is entitled to "extraordinary" relief as a documented "prescient litigant." In his 2021 Petition for Writ of Certiorari (No. 21-832), Plaintiff explicitly identified the fatal Rules Enabling Act conflict between state anti-SLAPP evidentiary burdens and **Federal Rule of Civil Procedure 8**. For years, the District Court and this Circuit rejected that argument based on prior circuit precedent. However, the Supreme Court's recent decision in <u>Berk v. Choy</u>, 607 U.S. ___ (2026), wholly vindicated Plaintiff's precise legal theory.

The Supreme Court's mandate in ***Berk v. Choy*** (2026) is not a 'new' rule of procedure, but rather an authoritative statement of what **Federal Rule 8** and the **Rules Enabling Act** have meant since their inception. Because the Supreme Court applied this construction to the parties in *Berk*, this Court is strictly required to give that mandate 'full retroactive effect.' <u>Harper v. Va. Dep't of Taxation</u>, 509 U.S. 86, 90, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993)

Under the rule established in <u>Miller v. Gammie</u>, 335 F.3d 889 (9th Cir. 2003) (en banc), a District Court or three-judge panel is bound by prior circuit precedent

14

unless the reasoning of an intervening higher authority is clearly irreconcilable with that precedent. By definitively holding that state gatekeeping statutes requiring pre-discovery evidentiary showings conflict with Rule 8, *Berk* renders this Circuit's previous tolerance of Nevada's anti-SLAPP statute in federal court clearly irreconcilable with federal law. Consequently, this panel is authorized—and strictly required—to abandon conflicting precedent, apply the supreme federal standard, and recognize that Plaintiff was correct on the law from the inception of this dispute.

## B. Alternatively, the 2020 Judgment Must Be Vacated as Void Under Rule 60(b)(4) For Two Reasons

Even if this Court were to determine that Plaintiff's prescient preservation of the Rules Enabling Act conflict does not satisfy the "extraordinary circumstances" requirement of Rule 60(b)(6), the underlying judgment must nevertheless be vacated as a legal nullity under Federal Rule of Civil Procedure 60(b)(4).

**1. The Procedural Bypass of Walker's Summary Judgment Denied Him Due Process.**

 A judgment is void under Rule 60(b)(4) if it is rendered "in a manner inconsistent with due process of law." <u>Orner v. Shalala</u>, 30 F.3d 1307, 1310 (9th Cir. 1994). The Supreme Court has clarified that this occurs when a procedural violation "deprives a party of notice or the opportunity to be heard." <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010)(citing Rule 60(b)(4))

The touchstone of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. On May 8, 2019, Plaintiff filed fully briefed Motions for Partial Summary Judgment (ECF Nos. 158, 171,203, 204) supported by uncontroverted documentary evidence establishing $156,914 in liquidated damages. At that juncture, due process dictated a substantive adjudication of those established federal merits under Rule 56.

Instead, the District Court stayed the federal proceedings to permit the IHS Defendants to mount a state-law "merit-screening" defense via Nevada's anti-SLAPP statute (ECF Nos. 159, 169). This procedural bypass was structurally fatal to Plaintiff's federal claims and deprived him of an opportunity to be heard.

- Under the Federal Rules, once plausibility is established, a defendant cannot challenge the factual merits of the claim without proceeding to discovery and summary judgment. However, the District Court allowed the IHS Defendants to utilize the Nevada anti-SLAPP statute to demand "evidence" of a "probability of success." This state-law merit screening provided Defendants with an impermissible procedural override—effectively creating a pre-discovery evidentiary defense that is expressly forbidden by the Federal Rules under *Berk.*

As the **April 2026 Oklahoma Bar Journal** notes, such 'procedural bypasses' create a high risk of erroneous deprivations of property. Under the *Berk* mandate, **Federal Rule 8** served as the exclusive ceiling; the Court had no authority to bypass these merits in favor of an unconstitutional state-law gatekeeper.

By unconstitutionally allowing a state procedural rule to "leapfrog" a properly staged federal summary judgment motion, the District Court structurally stripped Plaintiff of his right to a federal merits-based adjudication. This procedural bypass did not merely result in an erroneous application of the law; it effectuated a fundamental deprivation of Plaintiff's constitutional right to be heard.

Because the resulting dismissal was achieved through a procedural architecture that fundamentally denied due process, the 2020 judgment is void and must be vacated.

17

**2. The District Court Lacked Jurisdiction to Entertain the State Law Procedurally Driven (Anti-Slapp) Claims**

Additionally, but equally important, since *Berk* made Rule 8 the "ceiling" and the District court lacked subject matter jurisdiction over the state law Anti-slapp claims asserted, the judgment is "void for want of subject matter jurisdiction". Nishimatsu Construction Co., Ltd., v. Baize, 515 F.2d 1200 (5th Cir. 1975)("district court lacked subject matter jurisdiction over the claims asserted" making the judgment "void")

Even legal scholars and the defense bar now recognize that **state-law merit-screening is a 'square peg' that violates Federal Rule 8.** This consensus, recently highlighted by firms such as **Brownstein Hyatt Farber Schreck**, confirms that state laws requiring a 'probability of success' before discovery 'crash headlong' into the federal pleading ceiling.

- The *Berk* holding indisputably overrules this Circuit's prior reliance on United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 972 (9th Cir. 1999), which erroneously concluded that state anti-SLAPP evidentiary procedures could peacefully coexist 'side by side' with the Federal Rules of Civil Procedure.

The District Court's reliance on Nevada's anti-SLAPP statute to dismiss the Second Amended Complaint ("SAC") already deemed sufficient under federal rule 8 (ECF 135, pg 9) constitutes a reversible structural error.

**C. The Dismissal Unlawfully Derailed a Valid $156,914 Claim Rooted in Federal Subcontractor Protections.**

The prejudice stemming from this *Berk* violation is severe and strictly quantifiable. By entertaining a defense unavailable under Rule 8, the District Court improperly mooted (ECF 206, page 11) Plaintiff's fully briefed, dispositive motions for summary judgment (ECF Nos. 158, 171, 203, 204). These filings relied on uncontroverted documentary evidence—including a smoking-gun contemporaneous directive from the Intelli-heart Services Inc ("IHS") CEO assuming "boots on the ground" responsibilities—that dismantled the Defendants' pretextual "void contract" defenses.  Because *Berk v. Choy* (2026) confirms that Rule 8 and Rule 56 are the exclusive 'gatekeepers' of federal litigation, the District Court's order mooting these motions (ECF 206, page 11) is based on a view of the law that is now 'clearly irreconcilable' with Supreme Court authority. See *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003). As such, the refusal to adjudicate the $156,914 claim on its merits constitutes a reversible abuse of discretion.

- Critically, the wrongfully mooted summary judgment motions, which also relied on Walker's Second Amended Complaint, established Plaintiff's legal standing and right to recovery as a federal second-tier subcontractor. Operating under the framework of the Federal Acquisition Regulation (FAR)—specifically the accelerated payment directives of FAR 52.232-40 and the protections against fraud and waste in FAR 52.203-19—Plaintiff held a protected federal status *against* preexisting internal confidentiality agreements and *for* subcontracting that superseded strict state-law privity defenses. By substituting a state anti-SLAPP mechanism for a proper Rule 56 evaluation, the court allowed the Defendants to completely evade liability for a highly substantiated $156,914 claim. The District Court impermissibly bypassed its obligation to adjudicate these substantive federal questions, denying Plaintiff's right to a merits-based ruling.

## D. The Anti-SLAPP Dismissal Effectuated an Unconstitutional Subversion of Federal Regulatory Supremacy.

 The prejudice in this case highlights a severe, systemic abuse of state-law gatekeeping statutes that this Court must expressly prohibit going forward. As Plaintiff warned the Supreme Court in his 2021 Petition for Certiorari (No. 21-832), defendants routinely weaponize state anti-SLAPP statutes to subvert

definitional positions and protections granted under federal law.  Walker's

Complaint (SAC) alleged:

"After one of the many times Walker received a late payment as a
second-tier subcontractor (in Jan. 2018), he complained to the VA, as was
his right as a federal subcontractor (ECF 4, para 22-30) under FAR
52.232-40 on about Feb. 6, 2018. [Note: Walker was a "consultant"
of"another subcontractor" (Winters) and was, thus, a "subcontractor" FAR
part 52.203-19(a)]" (SAC,   119)] Also See SAC,     54, 62, 69, 76.

The District Court permitted the IHS Defendants to use a Nevada anti-SLAPP

mechanism to preemptively defeat, *inter alia,* Plaintiff's tort claims (Tortious

Interference). However, the foundational element of Plaintiff's claims—the validity

of the business relationship—was explicitly intertwined with and protected by the

Federal Acquisition Regulations (FAR). Under FAR 44.101, FAR 52.232-40, and

FAR 52.203-19, Plaintiff was federally recognized as a second-tier subcontractor

with protected rights to accelerated payment, whistleblower protections, and

prohibitions *against* confidentiality agreements. By using a state anti-SLAPP

statute to declare the contract 'void' and false statements by Intelli-heart Services to

federal contract authorities 'protected' under state law,  the District Court allowed

a state procedural rule to unconstitutionally override federal regulatory definitions

and strip meaning from a complaint replete with these federal law allegations. State

'probability of success' tests cannot be used to subvert federal subcontractor

protections that form the basis of federal-law intertwined claims.

Under the Supremacy Clause of the United States Constitution (U.S. Const., art. VI, cl. 2), a state procedural rule cannot be used as a backdoor to strip a litigant of federal substantive protections. By allowing an anti-SLAPP motion to preemptively dismiss the case before discovery, the District Court allowed state law to effectively erase federal rights.

To ensure this unconstitutional practice is definitively scrapped going forward, this Court should issue a published, precedential opinion clarifying that state "probability of success" tests cannot be used to bypass federal summary judgment standards (Rule 56), particularly when the underlying merits rely on federally defined statutory or regulatory protections.

**E. The District Court Deprived Plaintiff of Due Process by Issuing a *De Facto* Pre-Filing Restriction in ECF No. 270 and an Explicit Ban in ECF No. 272.**
Rather than correct its course upon the presentation of newly decided Supreme Court precedent, the District Court compounded its substantive errors with overt procedural hostility. This hostility manifested in a two-step deprivation of Plaintiff's due process rights.

First, in its Order denying Rule 60(b) relief (ECF No. 270), the District Court summarily brushed aside the controlling mandates of *Berk v. Choy* as "yet another

22

attempt" by Plaintiff to litigate the case. This dismissive ruling functioned as a *de facto* pre-filing restriction; it preemptively delegitimized the citation of a binding, month-old Supreme Court precedent without substantive review.

Second, this *de facto* restriction served as the improper foundation for the District Court's subsequent Order (ECF No. 272), which explicitly struck Plaintiff's filings and summarily banned all future filings. This explicit ban constitutes an unlawful, formal pre-filing restriction subject to the strict procedural and substantive requirements of De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990) and Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057 (9th Cir. 2014). In Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007), this Court established stringent requirements before a district court may restrict a litigant's access to the courts. Such an order cannot be imposed without providing: (1) notice to the litigant, (2) an opportunity to be heard, (3) the development of an adequate record detailing specific frivolousness, and (4) an order that is narrowly tailored.

The District Court bypassed every single *Molski* requirement. Characterizing the valid citation of *new* and dispositive 2026 Supreme Court authority as "yet another attempt" in ECF No. 270 is not a substitute for due process. By weaponizing that characterization to summarily terminate Plaintiff's filing privileges in ECF No. 272, the District Court stripped Plaintiff of his constitutional

right of access to the courts. Because the court failed to provide Walker with notice and an opportunity to be heard before effectively barring him from the court, the order is a violation of due process. *Ringgold-Lockhart v. Cnty. of Los Angeles* Id. (emphasizing that pre-filing orders are a rare and "extreme remedy" requiring notice and an opportunity to be heard). In sum, immediate vacatur of both orders is required.

**F. The District Court Abused its Discretion by Striking Meritorious Filings Flagged for National Editorial Review**

The District Court's implication that Plaintiff's filings were frivolous or "yet another" attempt to litigate (ECF Nos. 270, 272) is directly refuted by the immediate recognition of their objective merit by the nation's leading legal news wires.

The monumental nature of this shift is documented by the immediate, widespread reaction of the national legal community. Practitioner alerts from major defense-side firms confirm that *Berk* has 'hurt federal anti-SLAPP suits' and 'clarifies that Federal Rules govern over state law.' *See* Law360 (Jan. 2026); Benesch LLP (Feb. 2026). This consensus is so absolute that the forthcoming 2026 edition of the *Rules of Civil Procedure Annotated* (Thomson Reuters) has already

24

been updated to reflect the 'broader implications' of the *Berk* mandate regarding state gatekeeping laws *See* David V. Kramer, 6 Kentucky Practice (2026), including the Ninth circuit. *See* Jeffrey I. Ehrlich, *How Berk v. Choy Validates 25 Years of Ninth Circuit Dissents*, 58 Advocate Mag. 58 (Mar. 2026) . When the editors of the primary civil procedure treatises and the nation's leading business lawyers (ABA Business Law Today) all signal the end of state-law evidentiary bars in federal court, a District Court's refusal to acknowledge that shift constitutes a clear abuse of discretion.

On April 15, 2026, Courthouse News Service (CNS) explicitly flagged Plaintiff's Rule 60(b) motion and Notice of Appeal for editorial review, confirming the filings as a matter of high public interest. Similarly, on April 16, 2026, the Law360 Newsroom confirmed that Plaintiff's updates regarding the *Berk* and *Ratha* mandates had been forwarded to our "editors" for review.

This institutional interest of the issues in this case from major legal publishers—who maintain strict criteria for inclusion—provides objective evidence that Plaintiff's filings are not "harassing" or "frivolous." Rather, they present a legitimate, monumental shift in federal procedure. By striking motions that independent legal media deemed newsworthy, the District Court committed a clear error of judgment and violated the strict prerequisites of *Molski v. Evergreen*

*Dynasty Corp.* The District Court order effectively scrubbed the record of a meritorious Rules Enabling Act violation: the unconstitutional "leapfrog" over motions establishing $156,914 in damages in favor of a state procedural rule that is now a legal nullity.

## VIII. CONCLUSION: Ratha requires remand and Sears requires Reassignment.

For the foregoing reasons, the 2020 judgment is a legal nullity under the Supreme Court's January 2026 mandate in *Berk v. Choy*. The Ninth Circuit's recent en banc decision in <u>Ratha v. Rubicon Resources, LLC</u>, 168 F.4th 541 (9th Cir. 2026), affirms this Court's authority to correct lower court dismissals that are fundamentally undermined by such intervening Supreme Court authority, especially in the case of a prescient litigant.

Furthermore, reassignment to a different district judge is required upon remand. Under the *Sears* test, reassignment is necessary when the original judge would "have substantial difficulty in putting out of [her]... mind previously expressed views or findings determined to be erroneous." <u>United States v. Rivera</u>, 682 F.3d 1223, 1237 (9th Cir. 2012) (quoting *United States v. Sears, Roebuck & Co.*, 785

26

F.2d 777, 780 (9th Cir. 1986)). The District Court's summary striking of Plaintiff's motions (ECF No. 272)—which documented a "seismic shift" in federal procedure via the mandates of *Berk* and *Ratha*—indicates a fixedness of mind that rejects the possibility of error. By characterizing the citation of binding, month-old Supreme Court authority as "yet another attempt" to litigate (ECF No. 270), the District Court demonstrated that it precludes neutral adjudication of the Rules Enabling Act conflict. Previous to *Walker II* the District Court signaled that an appeal to the Supreme Court  indicated "finality" and a reason to "not entertain any further filings" (ECF 257). This is at odds with ***Ratha***.

Reassignment is also necessary to preserve the appearance of justice. While professional legal editors at Courthouse News Service (CNS) and Law360 immediately flagged Plaintiff's motions as notable filings of high public interest, the District Court gave the appearance of utilizing procedural bars to suppress the record of these merits in striking Plaintiff's filings. Reassignment ensures this monumental shift in federal procedure is handled with the neutrality the law demands, particularly regarding the $156,914 in established damages that the Court improperly bypassed in 2020.

Accordingly, Plaintiff respectfully requests that this Court: (1) apply *Miller v. Gammie* to formally recognize that the Supreme Court's mandate in *Berk v. Choy*

27

overrules Newsham; (2) vacate the unlawful anti-SLAPP dismissal alongside the procedurally defective *de facto* and explicit pre-filing restrictions (ECF Nos. 270, 272) and orders for costs; (3) Remand the case to the District Court with explicit instructions to vacate the orders denying ECF Nos. 158 and 171 as moot and to adjudicate those motions for summary judgment on their merits under the Federal Rule 56 standard; (4) order the reassignment of this case to a different district judge pursuant to the *Sears* test; and (5) issue a published, precedential opinion clarifying that state anti-SLAPP mechanisms cannot be utilized to bypass federal summary judgment standards or subvert definitional protections granted under the Federal Acquisition Regulation.

## IX. STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellant Terrance Walker identifies the following related cases and authorities currently pending or recently decided that involve the same or closely related legal issues:

1. <u>Gopher Media LLC v. Melone,</u> No. 25-1067 (U.S. Mar. 6, 2026)

This pending Petition for Writ of Certiorari explicitly asks the Supreme Court to resolve the conflict between state-law Anti-SLAPP "merit-screening" and the

28

**Federal Rules of Civil Procedure** in light of the **January 20, 2026 mandate** in *Berk v. Choy*. Like the instant appeal, *Gopher Media* argues that if state "merit certificates" are displaced by **Federal Rule 8**, then Anti-SLAPP "probability of success" tests must also be displaced as a legal nullity.

Unlike the general challenges in *Gopher Media*, the instant appeal provides a quantified record of the structural error: the District Court's decision to stay and effectively nullify pending **Rule 56** motions (**ECF 158, 171**) that had already established **$156,914 in damages** in favor of an unconstitutional state-law gatekeeper.

2. <u>Gopher Media LLC v. Melone</u>, 154 F.4th 696 (9th Cir. 2025), *cert. pending*, No. 25-1067 (U.S. Mar. 6, 2026)

This appeal arises from the same Ninth Circuit en banc proceedings that produced a four-judge concurrence (Bress, Collins, Lee, and Bumatay) arguing that state-law Anti-SLAPP statutes have no place in federal court because they "crash headlong" into the Federal Rules. This appeal seeks to apply the subsequent *Berk v. Choy* (2026) mandate to finalize the displacement predicted by that concurrence.

3. <u>Ratha v. Rubicon Resources, LLC</u>, 168 F.4th 541 (9th Cir. 2026) (en banc)

29

This appeal is fundamentally related to the *Ratha* "prescient litigant" doctrine. Appellant identified and litigated the exact **Rules Enabling Act** conflict and Rule 8 supremacy in his **2021 Petition for Certiorari (Walker v. Intelli-Heart, No. 21-832)**—years before the Supreme Court and this Court adopted that position—making this a prime test case for the *Ratha* mandate on reopening cases for diligent, prescient litigants.

4. <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047 (9th Cir. 2007)

This appeal seeks review of the District Court's order (ECF 272) striking Appellant's 2026 motions and imposing an informal pre-filing bar without the notice and hearing required by *Molski*. This procedural issue is inextricably linked to the underlying structural error, as the District Court used the unauthorized bar to suppress the application of the **January and February 2026 mandates.**

5. <u>Walker v. Intelli-heart Services Inc, et. al</u> (21-832) petition for writ of certiorari [www.supremecourt.gov/docket/docketfiles/html/public/21-832.html](http://www.supremecourt.gov/docket/docketfiles/html/public/21-832.html) (link valid as of April 27, 2026)

This case is fundamentally related to the diligence standard in *Ratha v. Rubicon*. The Appellant correctly identified the specific **Rules Enabling Act** conflict

30

between Anti-SLAPP and **Rule 8** as early as 2021, making this the primary vehicle for reviewing the 'prescient litigant' doctrine.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and contains 5,563 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface of 14 points (in Word format), Times New Roman font.

I certify the above.

Dated: April 27, 2026

/s/ Terrance Walker

Terrance Walker

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026 I electronically filed the Foregoing OPENING BRIEF OF PLAINTIFF-APPELLANT, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Terrance Walker

Terrance Walker

NOTE: Circuit Rule 30-1.2. Unrepresented Litigants Appellants and appellees proceeding without counsel need not file the initial or Supplemental excerpts

## X. STATUTORY AND REGULATORY ADDENDUM

**28 U.S.C. § 2072 (The Rules Enabling Act)**

(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts... (b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

**Fed. R. Civ. P. 8(a) (General Rules of Pleading)**

A pleading that states a claim for relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

32

**Fed. R. Civ. P. 56(a) (Motion for Summary Judgment)**

A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

**FAR 52.232-40 (Providing Accelerated Payments to Small Business Subcontractors)**

(a) Upon receipt of accelerated payments from the Government, the Contractor shall make accelerated payments to its small business subcontractors under this contract, to the maximum extent practicable and prior to when such payment is otherwise required under the applicable contract or subcontract...

**FAR 52.203-19 (Prohibition on Requiring Certain Internal Confidentiality Agreements or Statements)**

(a) Definitions. As used in this clause— "Subcontract" means any contract as defined in subpart 2.1 entered into by a subcontractor to furnish supplies or services for performance of a prime contract or a

33

subcontract... (b) The Contractor shall not require its employees or subcontractors to sign or comply with internal confidentiality agreements or statements prohibiting or otherwise restricting such employees or subcontractors from lawfully reporting waste, fraud, or abuse related to the performance of a Government contract...

## FAR 44.101 (Definitions)

"Subcontractor" means any supplier, distributor, vendor, or firm that furnishes supplies or services to or for a prime contractor or another subcontractor.

## APPENDIX OF RECORD DOCUMENTS

ECF   256, 257

35

| Date Filed | # | Docket Text |
|---|---|---|
| 02/23/2022 | 256 | MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(6) DUE TO AN INTERVENING CHANGE OF LAW -- Spirtos v. Yemenidjian, 499 P.3d 611 ( Nev. 2021) by Plaintiff Terrance Walker. Responses due by 3/9/2022. (Attachments: # 1 Exhibit 1 - Opening Brief in the Ninth Circuit 20-15688, # 2 Exhibit 2 - Opening Brief in the Ninth Circuit 20-16341) (Walker, Terrance) (Entered: 02/23/2022) |
| 02/24/2022 | 257 | MINUTE ORDER IN CHAMBERS of the Honorable Chief Judge Miranda M. Du on 2/24/2022. Before the Court is Plaintiff's motion for relief from judgment due to an intervening change in law. (ECF No. 256 ("Motion").) The Motion is denied. The Court maintains that the dispositive orders it issued in this case were correctly decided even in light of *Spirtos v. Yemenidjian*, 499 P.3d 611 (Nev. 2021), having reviewed that decision. The Court will not entertain any further filings in this closed case. Finality is important, particularly where, as here, Plaintiff unsuccessfully appealed all the way to the Supreme Court. (ECF Nos. 244 , 245 , 246 , 247 , 248 , 249 , 255 .) **(no image attached)** (Copies have been distributed pursuant to the NEF - TH) (Entered: 02/24/2022) |

ECF 270, 272

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2026 | 269 | MOTION to Reopen Case by Plaintiff Terrance Walker. Responses are due by 4/24/2026. (Walker, Terrance) (Entered: 04/10/2026) |
| 04/13/2026 | 270 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du on 4/13/2026.<br><br>The Court dismissed this action and entered judgment on March 4, 2020. (ECF Nos. 206 , 207 .) Since then, Plaintiff has made numerous attempts to essentially seek reconsideration by this Court and to pursue appellate review. Accordingly, the Court summarily denies yet another motion to reopen case (ECF No. 269 ).<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - DLS) (Entered: 04/13/2026) |
| 04/13/2026 | 271 | MOTION to Reconsider *to Alter or Amend the Order (ECF 270) Pursuant to F.R.Civ.P. 59(e) under precedents Berk v. Choy, 607 U.S. ___ (2026) and Ratha v. Rubicon* |

| | | |
|---|---|---|
| | | *Resources, LLC* re 270 Order on Motion to Reopen Case,, Minute Order, by Plaintiff Terrance Walker. Responses are due by 4/27/2026. (Walker, Terrance) (DJorder) (Entered: 04/13/2026) |
| 04/14/2026 | 272 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du on 4/14/2026.<br><br>The Court denies Plaintiff's motion for reconsideration (ECF No. 271 ). No further filings will be allowed in this closed case. The Clerk of Court is directed to strike all future filings.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - DLS) (Entered: 04/14/2026) |

36

Under the rules, pleadings, including amended complaints, are sufficient so long the document provides "a short and plain statement" that shows the party is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). The court is also required to accept the allegations in the proposed complaint as true. Based on these standards and the liberal standards of construction applied to pro se litigants, the court cannot conclude the proposed amendments are entirely futile at this time. Simply put, the court is not convinced Walker's new claims for relief against the additional defendants would be dismissed based on a failure to state a claim for relief based on these liberal pleading standards. Therefore, this factor also weighs in favor of granting Walker leave to amend the complaint.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend the complaint (ECF No. 78) is **GRANTED**. The Clerk shall **DETACH** and **FILE** the second amended complaint attached as Exhibit One to ECF No. 79.

DATE: 4/9/2019

_____
UNITED STATES MAGISTRATE JUDGE

Supreme Court, U.S.
FILED

**DEC 0 2 2021**

OFFICE OF THE CLERK

No. 21-_832_

IN THE

# Supreme Court of the United States

TERRANCE WALKER,

*Petitioner,*

v.

INTELLI-HEART SERVICES INC; DANIEL GERMAIN;
DANNY WEISBERG; and VANNESSA PARSONS,

*Respondents.*

## On Petition for Writ of Certiorari to the United States Court of Appeals for the Ninth Circuit

## PETITION FOR WRIT OF CERTIORARI

TERRANCE WALKER
 *In Propria Persona*
212 Hillcrest Dr #1
Reno, NV 89509
(775) 971-8679
walkerbillion@gmail.com

*In Propria Persona Petitioner*

December 2, 2021

WILSON-EPES PRINTING CO., INC. – (202) 789-0096 – WASHINGTON, D.C. 20002

**RECEIVED**

DEC 3 - 2021

OFFICE OF THE CLERK
SUPREME COURT, U.S.

21

explained that Rule 11 has the same purpose: "the central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) Also, the Noerr-Pennington doctrine sufficiently addresses immunized litigation conduct. Mitchell v. Water, No. 3:16-cv-00537-HZ, 8 (D. Or. Oct. 31, 2016)(noting claims did "not survive Defendants' motion to dismiss because they fail to state a First Amendment retaliation claim or relate to Defendants' litigation conduct immunized by the Noerr-Pennington doctrine")

Simply put, Rules 8, 11, 12, and 56 answer the same question as Nevada's(and other state) Anti-SLAPP laws, and, accordingly, they cannot apply in federal court. By exempting a substantial swath of litigation from the holdings of *Shady Grove* and Rules 8, 12, and 56, the Ninth Circuit and the panel opinion degrades Congress' authority under the Rules Enabling Act in a way contrary to the Constitution's text and history.

Rather than let these "side by side" exceptions to federal rules linger and metastasize in 31 states (and counting), this Court should grant certiorari and make good its pledge in *Shady Grove* to resolve conflicts as to the Necessary and Proper Clause and Rules Enabling Act so that federal plaintiffs can have their day in court.

Considering the democratic goals of the Necessary and Proper Clause, the consequences of the Ninth Circuit's fashioned rule are troubling, particularly in these cases where straight-forward procedures that were long-enshrined are short-circuited and overridden. Litigators are supposed to easily understand the rules to follow and be able to debate the merits of their case. But when 31 different States have their procedures "side by side" in federal court, it becomes unpredictable which procedure is to be followed. See Nunes v. Lizza, 476 F. Supp. 3d 824, 846 (N.D. Iowa 2020) finding "the Court finds that Rules 8, 12 and 56 are valid under the Rules

**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**

## IN THE UNITED STATES DISTRICT COURT IN AND FOR NEVADA

| | |
|---|---|
| Terrance Walker | )    Case No.: 3:18-CV-0132-MMD(CBC) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **MOTION FOR RELIEF UNDER 60(b)(4)** |
| | )    **RULE 60(b)(6) DUE TO NEW SUPREME** |
| Intelli-heart Services Inc. et. al | )    **COURT AND CIRCUIT PRECEDENT** |
| | )    **Berk v. Choy and Ratha v. Rubicon** |
| Defendants. | ) |
| | )    **& REQUEST TO BE HEARD REMOTELY** |

**COMES NOW**, Defendant Terrance Walker herein referred to as Walker or Plaintiff moving for relief under F.R.Civ.P. 60(b)(4) and 60(b)(6) , stating:

Plaintiff Terrance Walker respectfully moves this Court for relief from Nevada Anti-Slapp judgment entered on March 4, 2020 (ECF 206), the associated assessment of costs, and fees,. This motion is necessitated by a structural shift in federal procedure: the Supreme Court's definitive ruling in **Berk v. Choy**, 607 U.S. ___ (2026)[1] and the Ninth Circuit's en banc mandate in **Ratha v. Rubicon Resources, LLC**, No. 23-55299 (9th Cir. Feb. 20, 2026)(en banc)[2].

     **RULE 60(C) Note:**    This motion is filed within 90 days of the January 20, 2026, ruling in **Berk** and within weeks of the February 20, 2026, mandate in **Ratha** so it is filed in a reasonable time

## I. THE JUDGMENT IS VOID: THE ENABLING ACT UNDER *BERK V. CHOY*

---

[1] www.supremecourt.gov/opinions/25pdf/24-440_1b82.pdf
[2] cdn.ca9.uscourts.gov/datastore/opinions/2026/02/20/23-55299.pdf

1

The 2020 judgment is void under Rule 60(b)(4) because it was entered through a "misguided experiment" that exceeded the court's statutory authority. Plaintiff has long argued that state-law anti-SLAPP procedures—which require proof of a "probability of success" before discovery—violate the **Rules Enabling Act**. As Plaintiff previously urged, "Rules 8, 12, and 56 are valid under the Rules Enabling Act and the Constitution and govern the same basic question as the... anti-SLAPP statute". In January 2026, the Supreme Court in **Berk v. Choy** confirmed this exact position. ("*we underscore that 'the substantive nature of [a state] law, or its substantive purpose, makes no difference.' Shady Grove, 559 U. S., at 409 (plurality opinion). To determine whether a Rule is valid **under the Rules Enabling Act, the only question is whether it "really regulates procedure.'** Sibbach, 312 U. S., at 14*.") The Court held that **Federal Rule of Civil Procedure 8** provides the exclusive "ceiling" for what a plaintiff must provide at the start of a suit. ("Rule 8 does, so it governs, and *Delaware's* affidavit *law* does not apply in federal court") Any state law (like Nevada's anti-SLAPP statute) that demands an evidentiary "merit-screening" gatekeeper "crashes headlong" into Rule 8 and is therefore inapplicable in federal court. **Berk**   Because the 2020 dismissal "effectively allow[ed] the state anti-SLAPP rules to usurp the federal rules," the court acted beyond its power, rendering the judgment a legal nullity or void ab initio. The Supreme Court has now confirmed the court lacked the subject-matter jurisdiction to enter a dismissal on state-law procedural basis.

**II. THE *RATHA* MANDATE: DILIGENT LITIGANTS LIKE WALKER DESERVE RELIEF**

The Ninth Circuit's en banc decision in **Ratha v. Rubicon Resources, LLC**, creates a "rare reversal" principle that this Court must follow. In *Ratha*, the court held that a district court **legally errs** when it denies Rule 60(b)(6) relief to a litigant who (1) was diligent in pursuing their claim and (2) is subsequently vindicated by a "seismic" or "clarifying" change in law. Here, both are satisfied.

**1. Supreme Court Diligence and the Entitlement to Equitable Relief in this extraordinary case**

Plaintiff's diligence in this matter is extraordinary. The "change in law" occurred after Plaintiff exhausted every possible avenue, including a Petition for Certiorari all of the way to the Supreme Court in **Walker ex rel. United States v. Intelli-Heart Servs., Inc., No. 20-15688, 2021 WL 4316835 (9th Cir. Sept. 23, 2021) cer den 142 S.Ct. 1115(2022)** In his Cert petition[3], Plaintiff correctly identified the structural conflict in the judgment that the Supreme Court later resolved in

---

[3]  www.supremecourt.gov/DocketPDF/21/21-832/204158/20211206135140524_20211206-134909-95755286-00001120.pdf

*Berk*. As *Ratha* emphasizes, a litigant like Walker who identifies a legal error before the courts are ready to grant it is "prescient" and entitled to equitable relief. As the Ninth Circuit en banc emphasized in *Ratha*, a district court legally errs when it denies relief to a **'prescient' litigant**—one who correctly identified a legal error (the *Shady Grove* conflict) and fought it to the Supreme Court years before the high court eventually vindicated that position in like the Court did here in *Berk*

**2. Preempting the Finality Defense Due to Federal Procedural Law Precedent Change**

Defendants may argue for "finality," but **Ratha** holds that "the interests of justice" outweigh finality when a court has relied on a procedural mechanism that has been fundamentally repudiated as was this case. As an aside, the 2023 circuit panel decision in this case (Case No. 22-15291) suggested that state-law clarifications like that in *Spirtos* were not enough to reopen the case. However, *Berk v. Choy* is not a state-law clarification; it is a **Supreme Court mandate on federal procedural law** that removes the "legal wall" previously cited by this Court. *Berk* is a **United States Supreme Court mandate** that explicitly defines **Federal Rule 8** as the exclusive "ceiling" for pleading requirements, rendering the anti-SLAPP "merit-screening" gatekeeper a violation of federal law.

## III. RESTITUTION OF COSTS AND REINSTATEMENT

Plaintiff was assessed thousands of dollars in costs based on an unconstitutional "probability of prevailing" standard that "improperly transform[ed] the motion to strike... into a motion for summary judgment without... procedural safeguards". Because the judgment assessing these costs "directly collided" with the Federal Rules, Plaintiff is entitled to restitution.

## IV. CONCLUSION

The Supreme Court and Ninth Circuit en banc have now confirmed what Plaintiff told this Court in 2020: the anti-SLAPP procedure "cuts an ugly gash" through the federal rules. Under the authority of **Berk** and **Ratha**, this Court cannot dismiss this motion as a "burdensome filing." It must address the structural error that deprived Plaintiff of his day in court. Justice requires the judgment be vacated and the case reinstated. Relief under Rule 60(b)(4) must be granted because the judgment is void and relief under Rule 60(b)(6) must be granted because **Berk** changed the law that Walker had long urged was the correct interpretation of the federal rules due, *inter alia*, the Enabling Act and his legal position that has been seismically vindicated.

**WHEREFORE**, Plaintiff prays that the judgment (ECF 206) and all associated costs, fees, and assessments be vacated or set aside and that the case be reinstated. Should a hearing be necessary, it should be remote.

Respectfully Submitted,

/s/ Terrance Walker

**Terrance Walker** *Plaintiff*

4

518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**

**IN THE UNITED STATES DISTRICT COURT IN AND FOR NEVADA**

Terrance Walker                          )   Case No.:  3:18-CV-0132-MMD(CBC)
                                         )
          Plaintiff,                     )
                                         )
      v.                                 )   **PLAINTIFF'S MOTION TO ALTER OR**
                                         )   **AMEND THE ORDER (EFC 270)**
Intelli-heart Services Inc. et. al       )   **PURSUANT TO F.R.Civ.P. 59(e)**
                                         )   **CONSIDERING New precedents *Berk v.***
          Defendants.                    )   ***Choy*, 607 U.S. ___ (2026) and *Ratha v.***
                                         )   ***Rubicon Resources, LLC*, 168 F.4th 541 (9th**
                                         )   **Cir. 2026) (en banc)**
                                         )
                                         )
                                         )
                                         )
                                         )
                                         )
_____  )

**COMES NOW**, Plaintiff Terrance Walker moving for relief under F.R.Civ.P. 59(e) , stating:

**I.   INTRODUCTION** Plaintiff respectfully moves this Court to alter or amend its Minute Order (ECF 270) summarily denying his Motion for Relief (ECF 269). While the Court characterizes this as "yet another" attempt to seek review, it fails to distinguish between past filings and the current motion, which is grounded in **binding 2026 precedents** that did not exist during prior proceedings.

**II. ARGUMENT**

**A. The Court is Bound by Intervening Higher Authority under *Miller v. Gammie*** Under ***Miller v. Gammie***, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), district courts are strictly bound by intervening decisions from the Supreme Court that undercut the theory or reasoning of prior rulings. The Supreme Court's decision in ***Berk v. Choy***, **607 U.S. ___ (2026)**, has "seismically" overrode the procedural basis of the 2020 judgment in this case and has *not* been considered "yet another" time.

- **The Conflict:** The 2020 judgment (ECF 206, 207) relied on a state-law "merit-screening" standard that ***Berk*** has now declared a violation of **Federal Rule 8** and the **Rules Enabling Act**.

1

- **The Mandate:** Per *Miller v. Gammie*, this Court must reject its prior interpretation as having been "effectively overruled" by the Supreme Court.

**B. Summary Denial of a "Prescient Litigant" Motion is an Abuse of Discretion** In *Mendenhall v. Barber-Greene Co.*, 28 F.3d 1181 (9th Cir. 1994), the Ninth Circuit established that it is an **abuse of discretion** for a district court to follow the "law of the case" when intervening Supreme Court authority has changed the controlling law.

- *Ratha v. Rubicon* **(2026) Integration:** The Ninth Circuit's en banc mandate in *Ratha v. Rubicon Resources, LLC*, **168 F.4th 541 (9th Cir. 2026)**, further clarifies that a court "legally errs" when it denies relief to a "prescient" litigant.
- **Plaintiff's Prescience:** Plaintiff correctly identified the *Shady Grove* and Rules Enabling Act conflict in his **2021 Petition for Certiorari (No. 21-832)**. Because this position has been vindicated by *Berk*, the interests of justice now outweigh finality.

**C. Rule 60(b)(4) Relief for Void Judgments is Not "One-and-Done"** Under **Rule 60(b)(4)**, a judgment is a "legal nullity" if it was entered in excess of the court's statutory authority. Because *Berk* clarifies that state anti-SLAPP standards cannot "usurp" federal rules, the 2020 dismissal was void *ab initio*. A motion to vacate a void judgment is not subject to standard preclusionary bars when the jurisdictional or procedural defect is clarified by intervening higher law.

**III. CONCLUSION** The Court's summary denial (ECF 270) failed to engage with the binding 2026 mandates of the Supreme Court and Ninth Circuit. Justice requires the Court to vacate the 2020 judgment and reinstate the case.

**WHEREFORE,** Plaintiff respectfully requests that the Court vacate its summary denial (ECF 270) and address the merits of the structural and constitutional errors raised in ECF 269.

Respectfully Submitted,

/s/ Terrance Walker

**Terrance Walker**

2

Terrance Walker, **Plaintiff**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679

### IN THE UNITED STATES DISTRICT COURT IN AND FOR NEVADA

| | |
|---|---|
| Terrance Walker | Case No.:  3:18-CV-0132-MMD(CBC) |
| Plaintiff, | |
| v. | **NOTICE OF APPEAL** |
| Intelli-heart Services Inc. et. al | |
| Defendants. | |

Notice is hereby given that **Terrance Walker**, Plaintiff, appeals to the **United States Court of Appeals for the Ninth Circuit** from the following orders:

1. **The Minute Order (ECF 270)** entered on April 13, 2026, summarily denying Plaintiff's Rule 60(b)(4) and Rule 60(b)(6) Motion (ECF 269)

2. **The Order (ECF 272)** entered on April 14, 2027, denying Plaintiff's Rule 59(e) Motion to Alter or Amend the Order (ECF 271) and entering an order striking (ECF 269, 271) and all future filings.

**Basis for Appeal & Statement of Issues, among others:**

- **Failure to Follow Higher Authority:** The District Court committed a clear error of law by failing to apply the mandates of *Berk v. Choy*, 607 U.S. ___ (2026) and *Ratha v. Rubicon Resources, LLC*, 168 F.4th 541 (9th Cir. 2026) (en banc), violating the rule of *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003).

- **Prescient Litigant Status:** The Court abused its discretion by ignoring Plaintiff's documented status as a "prescient litigant" who identified the Rules Enabling Act conflict in his **2021 Cert Petition (No. 21-832)**.

- **Unauthorized Pre-Filing Restriction:** The District Court's summary rejection of the 2026 motions as "yet another attempt" constitutes an improper and informal pre-filing restriction that failed to provide the due process, specific findings of frivolousness, vexatiousness, or narrow tailoring required by e.g. *Molski v. Evergreen Dynasty Corp.*, **500 F.3d 1047, 1052 (9th Cir. 2007)**.

/s/ Terrance Walker **Terrance Walker**