JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON CANNON & GORMLEY
9950 West Cheyenne Avenue
Las Vegas, NV 89129
jolson@ocgattorneys.com
tdillard@ocgattorneys.com
702-384-4012
702-383-0701 fax
Attorney for Defendant/Appellee
DANIEL GERMAIN

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE WALKER,<br><br>    Plaintiff-Appellant<br><br>vs.<br><br>INTELLI-HEART SERVICES INC., et al<br><br>    Defendants-Appellees. | No. 26-2424<br><br>On Appeal from the<br>U.S. District of Nevada<br>3:18-cv-00132-MMD-CLB |

## <u>APPELLEE DANIEL GERMAIN'S</u>
## <u>MOTION FOR SUMMARY DISPOSITION</u>

COMES NOW Appellee DANIEL GERMAIN by and through the undersigned counsel of record, JAMES R. OLSON, ESQ. and THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON CANNON & GORMLEY, and hereby move for a summary disposition and dismissal of this insubstantial appeal pursuant to Circuit Court Rule 3-6.

1

## INTRODUCTION

The present appeal arises from a long-closed action that was dismissed with prejudice more than six years ago on March 4, 2020, after the district court granted the special motion to dismiss under Nevada's Anti-SLAPP statute filed by Defendants Intelli-heart Services, Inc., Danny Weisburg, Vanessa Parsons, and Daniel Germain ("IHS"), and denied plaintiff Terrance Walker's ("Walker") competing motion for summary judgment.

The underlying dispute stemmed from Walker's claim that he assisted third party James Winters, a regional distributor for IHS in obtaining government business relating to remote heart-monitoring services, and that IHS later interfered with his asserted business interests after communications with Veterans Affairs personnel. In the original action, Walker alleged that certain communications concerning his role and Winters's authority gave rise to his claims.

After the case was dismissed with prejudice, Walker filed multiple post-judgment motions in the district court seeking reconsideration or relief from judgment, including motions under Rule 60(b), all of which were denied. Walker already pursued an appeal to this Court, which affirmed the district court's judgment in 2021. Subsequent requests for rehearing and rehearing *en banc* were denied, and

the Supreme Court denied certiorari in 2022. This is now the third appeal stemming from the original case filed over six years ago.

Despite numerous final rulings, Walker returned to the district court and again sought relief from the judgment, first in 2022 and then again in 2026 through another Rule 60(b) motion to reopen the case. The district court denied the 2026 motion on April 13, 2026, noting that the case had already been dismissed with prejudice and that Walker had repeatedly attempted to revisit the same judgment through reconsideration motions and prior appeals. The court also denied Walker's follow-up motion to alter or amend.

Walker then filed the present appeal on April 14, 2026. Accordingly, the facts relevant to this appeal are not the merits of the original claims, but the finality of the March 2020 judgment. In short, Walker will not accept the repeated denial of his post-judgment challenges and the dismissal of his appeals.

The foregoing procedural history shows that Walker impermissibly now seeks once again to reopen issues already resolved by the district court, the Ninth Circuit, and the Supreme Court. This appeal is therefore appropriate for summary disposition because the issues relating to this third appeal attempt are insubstantial.

## **PROCEDURAL HISTORY**

Plaintiff, Terrance Walker ("Walker"), originally filed this action in the United States District Court for the District of Nevada in 2019 against IHS, asserting claims

including tortious interference arising out of an alleged business relationship connected to remote heart-monitoring services. On March 4, 2020, the district court granted Defendants' special motion to dismiss under Nevada's anti-SLAPP statute, denied Walker's competing motion for summary judgment, and **dismissed** the action with prejudice [ECF No. 206]. Walker then filed post-judgment motions seeking reconsideration and relief under Rule 60(b), which the district court **denied** on April 7, 2020 [ECF No. 221].

Plaintiff appealed, and this Honorable Court affirmed the district court's judgment on September 23, 2021 [USCA No. 20-15688 and 20-16341; ECF No. 244]. Thereafter, Walker's petition for rehearing and rehearing *en banc* was **denied** on October 27, 2021 [USCA No. 20-15688 and 20-16341; ECF No. 246]. The United States Supreme Court **denied** *certiorari* on February 22, 2022.

Unrelenting, Walker improperly attempted to revive the same case with the district court and again sought Rule 60(b) relief based on an asserted intervening change in Nevada state law. [ECF No. 256]. The district court **denied** that motion on February 24, 2022 [ECF No. 257], and Walker once again appealed. This Honorable Court resolved that second appeal on October 26, 2023, **denying** Walker's challenge and all pending motions [USCA No. 22-15291; ECF No. 266]. The Court in fact indicated that the district court did not abuse its discretion when it held that it would not entertain any further filings in this closed case because it was

4

a "reasonable response to Walker's copious and burdensome motion practice, particularly when the matter was closed." Id. at 3. This Court thereafter **denied** Walker's petition for rehearing and rehearing *en banc* on January 10, 2024, and issued its mandate on January 18, 2024 [USCA No. 22-15291].

More than two years after this Court disposed of this case for the second time, Walker again returned to the district court and filed yet another Rule 60(b) motion seeking to reopen the same case. On April 13, 2026, the district court **denied** that motion, observing that the action had already been dismissed with prejudice in March 2020 and that Walker had repeatedly sought reconsideration and appellate review of the same judgment [ECF No. 270]. After the district court **denied** Walker's follow-up motion to alter or amend, Walker filed the present appeal on April 14, 2026 [ECF No. 273].

Thus, this appeal does not arise from any new judgment on the merits, but from Walker's latest and third attempt to reopen a long-final case that has already been reviewed through multiple post-judgment motions, two prior appeals, denial of rehearing, and denial of certiorari. Because the present appeal seeks once again to relitigate issues stemming from the March 2020 dismissal with prejudice, it is untimely as to the original judgment, claim precluded, and procedurally improper.

/ / /

/ / /

## SUMMARY OF ARGUMENT

This appeal should be dismissed pursuant to Circuit Rule 3-6(2) because it presents no substantial question, rehashes old arguments, and challenges a judgment that became final years ago. First, Walker's renewed effort to attack the March 4, 2020 Dismissal, is barred by the law of the case and res judicata. The original action was dismissed with prejudice, that judgment was affirmed on appeal, rehearing and rehearing *en banc* were denied, *certiorari* was denied, and Walker has since filed multiple post-judgment motions and repeat appeals arising from the same operative facts and underlying rulings. This Court has already affirmed the district court's denial of a Rule 60(b)(6) based upon the argument that the state law regarding Anti-SLAPP suits changed after the original dismissal.

Having already received a full and fair opportunity to litigate these matters, Walker cannot continue to relitigate the same controversy through the same Rule 60(b) motions and successive appeals. The extraordinary procedural history also reflects a pattern of repetitive and vexatious litigation that has imposed unnecessary burdens on this litigant and the courts.

Second, Walker's reliance on an asserted intervening change in law does not provide the extraordinary circumstances required for Rule 60(b) relief. Supreme Court and Ninth Circuit authority make clear that a change in law, standing alone, is not enough to reopen a long-final judgment, and any equitable exception applies

only in rare circumstances where multiple factors strongly favor relief. Those circumstances are absent here. Walker seeks to reopen a judgment that has already been the subject of repeated motions, multiple appeals, and final review through the denial of certiorari.

Because this appeal is untimely as to the original judgment, precluded as an attempt to relitigate matters already resolved, and unsupported by the demanding Rule 60(b) standard, summary disposition is warranted.

## LEGAL ARGUMENT

Pursuant to Circuit Rule 3-6(2), the Court may dismiss an appeal at any time before briefing is complete when the questions presented are so insubstantial as to not justify any further proceedings. This untimely appeal seeks, for a third time, reconsideration of the March 2020 order dismissing the case with prejudice and it is barred as a matter of law under settled preclusion and finality principles.

### I. Walker's Repetitive Challenge to the Final Judgment is Claim Precluded and Vexatious

#### A. Application of the Doctrine of Res Judicata

Res judicata, also known as claim preclusion, prevents parties from relitigating matters that they have already had a full and fair opportunity to litigate, thereby avoiding the cost and burden of repetitive lawsuits, discouraging vexatious litigation, conserving judicial resources, and reducing the risk of inconsistent outcomes. Media Rts. Techs., Inc. v. Microsoft Corp., 922 F.3d 1014, 1020 (9th Cir.

7

2019); see also Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1160 (9th Cir. 2002) ("Preclusion doctrine is intended to promote judicial efficiency and the finality of judgments by requiring that all related claims be brought together or forfeited (claim preclusion) and by prohibiting any party from litigating an issue that has been fully litigated previously (issue preclusion).").

Res Judicata applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Here, the district court entered a final judgment on the merits in March 2020, dismissing Walker's claims with prejudice. See Walker v. Intelli-heart Servs., Inc., No. CV-00132-MMD-CBC, 2020 WL 1044010, at *6 (D. Nev. Mar. 4, 2020).

Furthermore, Walker's subsequent post-judgment motions and appeals were denied, and this Court affirmed the district court's ruling. The parties and claims in this appeal are the same as those in the original action, and Walker's renewed efforts to challenge the judgment, whether styled as motions for reconsideration or for relief from judgment, arise from the same operative facts and legal theories. In fact, Walker previously sought to revive the original case through Rule 60(b)(6) motion based upon a change in the law following the dismissal and the district court denied that motion and this Honorable Court affirmed.

This is now Walker's third appeal to this Court arising from the same final judgment. Under the doctrine of res judicata, Walker should be barred from relitigating matters that have already been finally resolved and from further consuming judicial resources through repetitive attacks on the March 2020 dismissal. . Walker has had a full and fair opportunity to litigate, appeal and seek reconsideration; therefore, this insubstantial third appeal is ripe for summary disposition and dismissal without further waste of Appellees' and this Court's resources.

### B. <u>Walker's Meritless Claims Establish Vexatious Litigation</u>

Walker's repeated attempts to relitigate this matter also reflect the hallmarks of vexatious litigation. In assessing whether litigation conduct is vexatious, courts consider: (1) the litigant's history of litigation, particularly whether it includes vexatious or duplicative suits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to other parties or imposed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties. <u>See</u> <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1051 (9th Cir. 2007) (adopting the factors set out in <u>Safir v. U.S. Lines, Inc</u>., 792 F.2d 19, 24 (2d Cir. 1986)).

Those factors support the conclusion that Walker's litigation conduct has been vexatious. He has repeatedly filed duplicative motions and appeals arising from the same underlying judgment, despite repeated rulings rejecting those challenges. These repeated filings have prolonged litigation, burdened Appellee, and imposed needless demands on the courts without raising any genuinely new dispute.

Additionally, Walker's repeated filings have required continued responses in the district court, this Court, and the Supreme Court, imposing unnecessary expenses and consuming judicial resources. Given this extensive procedural history and the repeated denial of lesser forms of relief, the record supports the conclusion that additional filings on the same issues reflect a clear pattern of abuse. Indeed, that is precisely why the District Court stated in its recent minute order: "The Court denies Plaintiff's motion for reconsideration (ECF No. [271]). No further filings will be allowed in this closed case. The clerk of the Court is directed to strike all future filings." [ECF No. 272]

### C. An Intervening Change in Law Does Not Necessarily Constitute the Extraordinary Circumstances Required for Rule 60(b) Relief

The Supreme Court has emphasized that a movant seeking relief under Rule 60(b) must demonstrate "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Likewise, this Court has recognized that Rule 60(b) is to be used sparingly as an equitable remedy to prevent manifest injustice and apply only

in limited circumstances warranting relief from an erroneous judgment. United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

Walker cannot satisfy that demanding standard merely by identifying a change in the law. In Gonzalez, the petitioner sought relief after the Supreme Court issued a decision undermining the legal interpretation on which dismissal of his *habeas* petition had rested. 545 U.S. at 527-29. The Court explained that the change in law did not constitute extraordinary circumstances, observing that "it is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrives at a different interpretation." Id. at 536.

This Honorable Court has followed the same basic principle: a change in law, standing alone, does not automatically amount to the extraordinary circumstances required to reopen a final judgment; rather, relief requires more than a mere shift in legal authority. Phelps v. Alameida, 569 F.3d 1120, 1133 (9th Cir. 2009). Although an intervening decision may be considered as part of the equitable analysis, "a change in law does not alone provide the extraordinary circumstances" necessary for Rule 60(b) relief. Bynoe v. Baca, 966 F.3d 972, 983 (9th Cir. 2020).

Importantly, Walker already advanced a change in law theory in 2022, when he filed a motion in the United States District Court for the District of Nevada seeking relief from judgment under Rule 60(b)(6) based on an asserted intervening change in law. *See* [ECF No. 256]. The district court considered that theory and

denied relief. [ECF No. 257]. Walker's appeal to this Court of that denial was without merit and the district court's order was affirmed. [ECF No. 266; USCA No. 22-15291]. Accordingly, Rule 60(b)(6) intervening-change-in-law theory underlying the present appeal has already been presented to the court, ruled upon, and rejected. Walker may not assert that same theory yet again through another successive appeal.

Here, Walker seeks to reopen a judgment for the third time after it became final years ago. That judgment has already been followed by repeated post-judgment motions, prior appeals, denials of rehearing, denial of certiorari by the Supreme Court, and a second unsuccessful effort to obtain Rule 60(b) relief.

Additionally, Walker attempts to use the broad application of a Rule 60(b) motion to effectively create another level of appellate review. Walker had the opportunity to fully litigate his claims and appeal for appellate review. On this record, however, the asserted change in the law does not supply the extraordinary circumstances required to disturb the finality of that judgment, therefore the court should dismiss the present appeal.

/ / /

/ / /

/ / /

/ / /

/ / /

12

## **CONCLUSION**

FOR THE FOREGOING REASONS, Appellee Daniel Germain respectfully requests that this Court grant this Motion for Summary Disposition pursuant to Circuit Rule 3-6. The Court should dismiss Walker's present appeal as too insubstantial to warrant further briefing because it is untimely, precluded as a matter of law, unsupported by the extraordinary circumstances required for Rule 60(b) relief, and at this point vexatious. Appellee Germain accordingly urges this Court to bring this already protracted matter to an end through summary disposition.

RESPECTFULLY SUBMITTED this 13th day of July, 2026.

OLSON CANNON & GORMLEY

By:     /s/*Thomas D. Dillard, Jr.*
JAMES R. OLSON, ESQ.
THOMAS D. DILLARD, JR., ESQ.
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendant/Appellee,
DANIEL GERMAIN

## CERTIFICATE OF SERVICE

Pursuant to the Ninth Circuit Rule 25-5 about electronic filing, a certificate of service is not required. Most filings submitted through the Appellate Electronic Filing System that are served electronically do not require a certificate of service. *See* Ninth Circuit Rule 25-5(f)(1).

I HEREBY CERTIFY that on the 13th day of July, 2026, I served the foregoing, **DANIEL GERMAIN'S MOTION FOR SUMMARY DISPOSITION**, through the CM/ECF system of the United States Court of Appeals for the Ninth Circuit upon the following, as well as upon any and all parties subscribed thereto.

 /s/*Jane Hollingsworth*
An Employee of OLSON CANNON & GORMLEY