THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON CANNON & GORMLEY
9950 West Cheyenne Avenue
Las Vegas, NV 89129
tdillard@ocgattorneys.com
702-384-4012
702-383-0701 fax
Attorney for Defendant/Appellee
DANIEL GERMAIN

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE WALKER,<br><br>    Plaintiff-Appellant<br><br>vs.<br><br>INTELLI-HEART SERVICES INC., et al<br><br>    Defendants-Appellees. | No. 26-2424<br><br>On Appeal from the United States District Court for the District of Nevada<br>No. 3:18-cv-00132-MMD-CLB |

## DANIEL GERMAIN'S REPLY TO APPELLANT'S OPPOSITION TO MOTION FOR SUMMARY DISPOSITION

COMES NOW Appellee DANIEL GERMAIN by and through his undersigned counsel of record, JAMES R. OLSON and THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON CANNON & GORMLEY, and hereby moves for summary disposition and dismissal of this insubstantial appeal pursuant to Circuit Court Rule 3-6.

1

## **INTRODUCTION**

This appeal presents the type of insubstantial, repetitive challenge that warrants summary disposition under Ninth Circuit Rule 3-6. Plaintiff Terrance Walker ("Walker") asks this Court to revisit a final judgment entered more than six years ago based on an asserted change in law.

Walker has repeatedly sought relief from that final judgment through successive Rule 60(b) motions and appeals, all unsuccessful. The judgment was affirmed in 2021, rehearing and rehearing *en banc* were denied, certiorari was denied in 2022, and Walker's later Rule 60(b) appeal was again affirmed in 2023, with rehearing *en banc* denied in 2024.

Here, there is no substantial question. Walker is not appealing a new merits determination; he is attempting to reopen and relitigate a final judgment based on the holdings in *Ratha v. Rubicon Res., LLC* ("*Ratha III*"), 168 F.4th 541, 547 (9th Cir. 2026) and *Berk v. Choy*, 607 U.S. 187, 146 S. Ct. 546, 223 L. Ed. 2d 463 (2026). Neither decision changes the result. *Berk* addressed a different state-law pleading requirement and did not invalidate the independent legal deficiencies this Court previously identified in Walker's complaint. Even assuming *Berk* undermines the anti-SLAPP procedure used by the district court, it does not undermine this Court's independent conclusion that Walker's Complaint contained legal deficiencies and failed to state a claim. *Ratha III* involved a retroactive statutory

2

amendment that directly altered the plaintiffs' substantive rights. Those circumstances are not present here.

Rule 60(b) is an extraordinary remedy that applies sparingly and only where circumstances prevented a party from timely correcting an erroneous judgment. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). An appeal from the denial of Rule 60(b) does not ordinarily place the underlying judgment before the court for renewed review. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259–60 (9th Cir. 2004). Here, Walker attempts to use Rule 60(b) as a vehicle for another round of appellate review.

Summary disposition is appropriate to conserve judicial resources, protect Appellee from continued repetitive litigation, and bring this long closed matter to an end. Thus, the motion must be granted.

FinalityF principles independently bar Walker from using another Rule 60(b) motion and another appeal to obtain a new round of review. The law of the case, Rule 60(b)'s demanding standard, and the repeated appellate review already completed all confirm that further briefing is unnecessary. In *Hawaii Cnty. Green Party v. Clinton*, the court held:

> Green Party does not satisfy the stringent standards for relief under Rule 60(b)(6). First, it has not shown extraordinary circumstances. It can hardly be "extraordinary" in an ever-changing world that years after a case is found moot, facts arise that would support a new lawsuit or even (arguably) the claims rejected in the first lawsuit. If such a

change in circumstances meant that final judgments should be disturbed, Rule 60(b)(6) motions would not be used "sparingly," but would be used routinely by parties trying to re-open moot cases years after-the-fact. The Court cannot reach such a conclusion.

124 F. Supp. 2d 1173, 1185 (D. Haw. 2000). Accordingly, Rule 60(b)(6)'s narrow application and limited purpose forecloses Walker's attempt to obtain further review of a judgment that has already been affirmed.

First, Walker's judicial estoppel theory fails because Appellee has not taken inconsistent positions. Appellee has consistently maintained that a change in law may support Rule 60(b) relief only when the change actually alters the controlling law governing the judgment and undermines the basis for that judgment. Neither *Berk* nor *Ratha III* does so here.

## **LEGAL ARGUMENT**

Pursuant to Circuit Rule 3-6(2), this Court may dismiss an appeal at any time before briefing is completed when the questions presented are so insubstantial that they do not justify further proceedings. Federal Rule of Civil Procedure 60(b) provides the limited grounds on which a party may obtain relief from a final judgment or order. Walker has not established any viable basis for relief under Rule 60(b). Therefore, Walker's request must be barred as a matter of law by well-established principles of finality and the governing Rule 60(b) standard.

/ / /

4

**I.** **<u>Judicial Estoppel Is Not Applicable Because Appellee Has Not Taken Inconsistent Positions</u>**

Walker's judicial estoppel argument mischaracterizes Appellee's position in the prior appeal. Appellee has consistently maintained that a change in law warrants Rule 60(b) relief only when the change actually alters the controlling law governing the judgment and undermines the basis for that judgment.

Judicial estoppel, sometimes described as the doctrine of preclusion of inconsistent positions, prevents a party from gaining an advantage by taking one position and then seeking a second advantage by taking an incompatible position. *Rissetto v. Plumbers & Steamfitters Loc.* 343, 94 F.3d 597, 600 (9th Cir. 1996). Because judicial estoppel is an equitable doctrine intended to protect the integrity of the judicial process, it does not apply mechanically. Rather, it is directed at preventing parties from deliberately changing positions according to the exigencies of the moment and avoiding the risk of inconsistent court determinations. *Keathley v. Buddy Ayers Constr., Inc.*, 608 U.S. ___, 146 S. Ct. 1532, 1538–39 (2026). Those circumstances are absent here.

In the prior appeal, Appellee did not argue that only a change in federal law could justify Rule 60(b) relief, nor did Appellee contend that every future federal decision would necessarily require reopening the judgment. The prior panel held only that the particular Nevada decision relied upon by Walker did not change the

law governing the judgment and was not dispositive of the outcome. The panel

explained in *Walker II* that "Because *Spirtos* did not change the law governing the

judgment, the district court did not need to explicitly examine the *Phelps v.*

*Alameida*, 569 F.3d 1120, 1135–40 (9th Cir. 2009), factors in its order denying

Walker's motion." *Walker ex rel. United States v. Intelli-Heart Servs., Inc.*, No. 22-

15291, 2023 WL 7036467, at *1 (9th Cir. Oct. 26, 2023).

The decision in *Spirtos v. Yemenidjian*, 137 Nev. 711, 499 P.3d 611 (2021)

did not alter Nevada law concerning the gist of Walker's claims, did not make

previously irrelevant allegations material, and did not change the Ninth Circuit's

interpretation of the Federal Rules governing anti-SLAPP motions.

Appellee takes the same position here: a newly issued decision warrants

relief only if it actually changes controlling law and undermines the grounds

supporting the judgment. Neither *Berk* nor *Ratha III* have that effect.

Walker confuses the procedure the district court used with the separate

problems in his claims that required independent dismissal. This Court affirmed the

district court in *Walker I* because Walker failed to present sufficient evidence

supporting otherwise viable claims and because the district court's analysis rested

on legal deficiencies in the operative complaint and its attachments. This Court

identified those deficiencies claim by claim. For example, Walker had no direct

contractual relationship with IHS; third-party Winters could not assign his personal

services agreement without IHS's consent; and Winters could not bind IHS or restrict its contractual termination rights. (No. 20-15688, 20-16341; ECF No. 244).

Thus, even if *Berk* calls into question some applications of state anti-SLAPP procedures, it does not change the merits based outcome of this case. Walker's own complaint and contracts showed that no claim existed, and the judgment therefore must remain unaffected by Walker's second attempt asserting a change in law.

## II.     *Ratha* III Does Not Displace the Prior Panel's Judgment

First, Walker misreads *Ratha III* and its application here. In *Ratha*, Congress retroactively amended the exact federal statute that had caused the plaintiffs to lose. *Ratha v. Rubicon Res., LLC*, 168 F.4th 541, 547 (9th Cir. 2026). The court held that the district court abused its discretion in denying the plaintiffs' Rule 60(b) motion because the retroactive statutory amendment undermined one of the three grounds for summary judgment, and the remaining grounds contained legal errors concerning the participation and knowledge elements of the trafficking claim. *Id.*

Here, by contrast, *Berk* addressed a Delaware statute requiring medical-malpractice plaintiffs to submit an expert affidavit with the complaint. It did not decide whether Nevada's anti-SLAPP statute applies in federal court, overruled the Ninth Circuit's anti-SLAPP precedent, or change Nevada law governing Appellant's tortious-interference and unjust-enrichment claims.

At most, Appellant identifies a procedural argument based on recent authority. But that authority does not change what this Court has already independently determined was legally correct about the district court's dismissal. Rule 60(b) does not permit another round of appellate review merely because a litigant identifies new authority that does not change the outcome of the case. *Berk* does not cure the defects identified in this Court's prior memorandum disposition.

Because the authority Appellant relies on does not affect the independent grounds supporting dismissal, Appellant presents no substantial question warranting further review.

### III.    <u>Neither Cited Case Nor Waiver Bars Summary Disposition</u>

Appellant's waiver theory fails because whether an appeal presents a substantial question under Circuit Rule 3-6 and *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982), is determined by the court of appeals after the appeal is filed. *Hooton* permits summary disposition when the outcome is clear from the governing law and a limited review of the record. *Id.* Appellee therefore could not have waived a request for summary disposition by failing to raise it in the district court because it is an appellate procedure. Appellee is not asserting a new claim or seeking different relief; he asks only that this Court affirm the denial of Rule 60(b) relief through the procedure authorized by Circuit Rule 3-6.

An appellee may defend a judgment on any ground supported by the record, even if the district court relied on different reasoning, so long as the appellee does not seek to enlarge its own rights or reduce the appellant's rights under the judgment. *United States v. Am. Ry. Exp. Co.*, 265 U.S. 425, 435 (1924); *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008). The Ninth Circuit may also consider a purely legal issue not fully developed below when the record is complete and the opposing party suffers no prejudice. *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985); *see also Animal Prot. Inst. of Am. v. Hodel*, 860 F.2d 920, 927 (9th Cir. 1988).

Appellee seeks only to preserve the district court's denial of Rule 60(b) relief based on the existing record. He does not request broader relief or any modification of the judgment. Appellant's reliance on waiver principles therefore does not bar Appellee from seeking summary disposition or defending the order on record-supported legal grounds.

Even assuming *Berk* affects the procedural mechanism used below, Appellant still must show prejudice. *Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir. 2005). He cannot do so because this Court has already identified legal deficiencies in the operative complaint and its attachments. Legal sufficiency challenges remain governed by Rule 12. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018).

And this Court may affirm on any ground supported by the record. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). Thus, any asserted procedural change does not affect the judgment or present a substantial question warranting further review.

## CONCLUSION

FOR THE FOREGOING REASONS, Appellee Daniel Germain respectfully requests that this Court grant the Motion for Summary Disposition and dismiss Walker's present appeal because he has failed to present a substantial question warranting full briefing. This appeal is an attack on a judgment that has already been affirmed and repeatedly reviewed, and it should be summarily disposed of pursuant to Circuit Rule 3-6.

RESPECTFULLY SUBMITTED this 22nd day of July, 2026.

OLSON CANNON & GORMLEY

By:    /s/ Thomas D. Dillard, Jr., Esq.
THOMAS D. DILLARD, JR., ESQ.
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendant/Appellee,
DANIEL GERMAIN

10

## **CERTIFICATE OF SERVICE**

Pursuant to the Ninth Circuit Rule 25-5, a certificate of service is not required for most filings submitted and served electronically through the Appellate Electronic Filing system.  *See* Ninth Circuit Rule 25-5(f)(1).

I HEREBY CERTIFY that on the 22nd day of July, 2026, I served the foregoing, **DANIEL GERMAIN'S REPLY TO APPELLANT'S OPPOSITION TO MOTION FOR SUMMARY DISPOSITION**, through the CM/ECF system of the United States Court of Appeals for the Ninth Circuit upon the following, as well as upon any and all parties subscribed thereto.

 /s/ Nan Langenderfer
An Employee of OLSON CANNON &
GORMLEY