No.  26-2424

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

*TERRANCE WALKER*
Plaintiff-Appellant,

**V.**

*Intelli-heart Services Inc. et. al.*
Defendants-Appellees.

_____

**On Appeal from the United States District Court
for the District of Nevada, Reno**

Case No. 3:18-cv-00132-MMD-CLB

_____

**MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO SUMMARY
AFFIRMANCE DUE TO NEW AND SUBSTANTIAL ISSUES UNDER *Berk v.
Choy*, 607 U.S. 187, 146 S. Ct. 546 (2026) , *Ratha v. Rubicon Resources, LLC* ("*Ratha
III*"), 168 F.4th 541 (9th Cir. 2026), PREJUDICE, ANTI**

_____

**Terrance Walker**
518 Duong 3/2 Dist 10, Ward 14, HCMC VietNam 70000
Phone: +1(775)971-8679
email: walkerbillion@gmail.com

1

**PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY PURSUANT TO CIRCUIT RULE 27-1**

Plaintiff-Appellant Terrance Walker respectfully moves this Court for leave to file a narrow Sur-Reply (attached as Exhibit 1) in response to Appellee Daniel Germain's Reply to Opposition to Motion for Summary Disposition (DktEntry 13.1).

Good cause exists under Ninth Circuit practice and basic procedural due process because Appellee's counsel, Thomas D. Dillard, Jr., Esq., introduced brand-new, unvetted legal theories regarding *Berk v. Choy* and *Ratha III* for the very first time in his Reply brief. Specifically, Appellee argued for the first time, *inter alia*, that:

1. *Berk v. Choy* is strictly limited to Delaware expert affidavits and has no application to Nevada's Anti-SLAPP statute (Reply at 7).

2. *Ratha III* is strictly limited to legislative statutory amendments passed by Congress and cannot apply to Supreme Court procedural mandates (Reply at 2–3, 7).

3. Prior memorandum dispositions regarding "independent deficiencies" e.g under Rule 12 which insulate an unconstitutional state procedural bypass from Rule 60(b)(6) review post-*Berk* (Reply at 2, 6–7).

4. The burden is on the recipient of a Hooten motion under Obrey.

5. No prejudice has been shown.

6. A Hooten motion entitles the panel to affirm on any ground. Because an appellant cannot anticipate novel legal defenses raised for the first time in a reply brief, fundamental fairness dictates that Appellant be granted an opportunity to respond before this Court rules on Appellee's Motion for Summary Disposition under Circuit Rule 3-6.

WHEREFORE, Appellant respectfully requests that this Court grant leave to file the attached Sur-Reply (Exhibit 1).

Dated: July 22, 2026

Respectfully submitted,

/s/ Terrance Walker

Terrance Walker

*Plaintiff-Appellant, In Propria Persona*

**EXHIBIT 1- PROPOSED SURREPLY**

**No. 26-2424**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

*TERRANCE WALKER*
Plaintiff-Appellant,

**V.**

*Intelli-heart Services Inc. et. al.*
Defendants-Appellees.

_____

**On Appeal from the United States District Court
for the District of Nevada, Reno**

Case No. 3:18-cv-00132-MMD-CLB

_____

**EXHIBIT 1-
PROPOSED SURREPLY IN OPPOSITION TO SUMMARY AFFIRMANCE DUE
TO NEW AND SUBSTANTIAL ISSUES UNDER *Berk v. Choy*, 607 U.S. 187, 146 S.
Ct. 546 (2026) and *Ratha v. Rubicon Resources, LLC* (*"Ratha III"*), 168 F.4th 541
(9th Cir. 2026)**

_____

**Terrance Walker**
518 Duong 3/2 Dist 10, Ward 14, HCMC VietNam 70000
Phone: +1(775)971-8679
email: walkerbillion@gmail.com

## I. APPELLEE ERRONEOUSLY CONFUSES THE GENERAL RIGHT TO AFFIRM WITH THE STRICT "MANIFEST INSUBSTANTIALITY" MANDATED BY *HOOTON*

Appellee argues that this Court can affirm the District Court's order on "any ground supported by the record" (Reply at 9–10). While an appellate panel *may* rely on alternative grounds during a full merits review, **a Motion for Summary Disposition under Circuit Rule 3-6 and *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982), operates under an entirely different, exceptionally high legal standard.**

Under *Hooton*, summary disposition is forbidden unless it is *"manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument"* and the outcome is *"beyond dispute."* Appellee's bad-faith *Hooton* motion attempts to conflate standard merits review with summary disposition in a transparent effort to avoid grappling with two ground-breaking 2026 precedents (*Berk v. Choy* and *Ratha III*). Having failed to establish that Appellant's appeal is manifestly insubstantial, Appellee's motion must be swiftly denied.

## II. APPELLEE'S FAILURE TO CITE *BERK* AND *RATHA III* UNTIL THE REPLY IS FATAL AND HIGHLIGHTS THE FRIVOLOUSNESS OF THEIR CLAIMS

Appellee waited until their Reply brief (DktEntry 13.1) to construct substantive distinctions regarding *Berk v. Choy*, 607 U.S. ___ (2026), and *Ratha v. Rubicon*

*Resources, LLC*, 168 F.4th 541 (9th Cir. 2026) (en banc). Raising core legal defenses for the first time in a Reply is procedurally fatal under Ninth Circuit practice.

Appellee's reliance on a string of "even if" non-sequiturs (Reply at 6–8) demonstrates that this appeal presents complex, threshold procedural questions that cannot be swept away. Appellee simply is demanding an **abstract right to finality**—a rigid doctrine expressly condemned in *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434, 444–45 (9th Cir. 2019) (holding that rigid reliance on finality constitutes an abuse of discretion under Rule 60(b)(6) when an intervening legal shift vitiates a party's procedural foundation).

## III. APPELLANT'S COMPLAINT WAS EXPLICITLY DEEMED SUFFICIENT UNDER RULE 8 (ECF NO. 135). YET, AN ANTI-SLAPP DISMISSAL OCCURRED (NOT RULE 12) ESTABLISHING PROFOUND PREJUDICE OF HIS $156, 914 PENDING SUMMARY JUDGMENT MOOTED

Appellee's claim that the underlying dismissal rested on "independent legal deficiencies" under Rule 12 (Reply at 6–7) directly contradicts the law of the case and is blatantly false.

First,  Appellant's case was dismissed under Nevada Anti-Slapp law (ECF. 206 pg 1)

6

"because the Court agrees with Defendants that Plaintiff's claims <u>must be dismissed under Nevada's anti-SLAPP statute</u>, the Court will grant those motions, **decline to address Defendants' 12(b)(6) arguments**"

Secondly, there were no deficiencies. Appellant's Second Amended Complaint (SAC) was held sufficient under Rule 8 which is the "ceiling" according to *Berk*: On April 9, 2019, Magistrate Judge Baldwin explicitly ruled in **ECF No. 135 (pg. 9)** that Appellant's Second Amended Complaint satisfied **Federal Rule of Civil Procedure 8(a)**:

> *"Under the rules, pleadings, including amended complaints, are sufficient so long as the document provides 'a short and plain statement' that shows the party is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2)... the court cannot conclude the proposed amendments are entirely futile at this time."*

As *Berk* clarifies, Rule 8 provides the **exclusive, trans-substantive ceiling** for federal pleadings. Because Appellant's complaint satisfied Rule 8, the District Court lacked statutory authority under the Rules Enabling Act (28 U.S.C. § 2072) to subject the complaint to a state Anti-SLAPP merit-screening process, or to moot Appellant's pending $156,914 Rule 56 Motions for Summary Judgment (ECF Nos. 158, 171). This established monumental prejudice.

## IV. NATIONWIDE JUDICIAL AND SCHOLARLY CONSENSUS CONFIRMS *BERK* DISPLACES STATE EVIDENTIARY GATEKEEPERS LIKE ANTI-SLAPP

Appellee's assertion that *Berk* is limited to medical malpractice affidavits (Reply at 7) is isolated and legally unsupportable. Federal courts across multiple circuits have roundly curtailed state evidentiary showing requirements—including Anti-SLAPP—under *Berk* and legal authorities show that Anti-Slapp is next:

- **Second & Eighth Circuits:** *United States v. LABQ Clinical Diagnostics, LLC*, No. 1:22-cv-00751 (S.D.N.Y. May 11, 2026), and *Hill v. Independence County*, No. 3:26-cv-00062 (E.D. Ark. Apr. 29, 2026) (holding that under *Berk*, Rule 8 *"makes it relatively easy for plaintiffs to subject defendants to discovery," "even for claims that are likely to fail"*).

- **Third Circuit:** *DiFraia v. Ransom*, No. 24-2673 (3d Cir. Mar. 31, 2026) (holding *Berk* abrogated circuit precedent requiring state certificates of merit).

- **Sixth Circuit:** *Oldnar Corp. v. Sanyo N. Am. Corp.*, 2026 WL 1546287 (6th Cir. May 12, 2026) (citing *Berk* to reject state-law procedural gates).

- **Tenth Circuit:** *McCormick v. HRM Resources, LLC*, 2026 WL 1284532 (D. Colo. May 4, 2026) (holding prior Tenth Circuit guidance on state pleading gates "no longer provides solid guidance" post-*Berk*).

- **Ninth Circuit District Court:** *Nelson v. Mansfield*, No. 3:25-cv-03237 (S.D. Cal. Apr. 14, 2026) (holding Rule 8 exclusively prescribes threshold information requirements).

- **U.S. Supreme Court Record:** Brief in Opposition in *Gopher Media LLC v. Melone* (No. 25-1067, May 11, 2026) (conceding that under *Berk*, the Ninth Circuit's Anti-SLAPP framework is no longer valid in federal court).

- **National Legal Scholarship:** Bloomberg Law (*California Anti-SLAPP Law Takes a Hit*, May 6, 2026); Law360 (*Justices' Med Mal Ruling May Hurt Federal Anti-SLAPP Suits*, Jan. 23, 2026); ABA *Business Law Today* (Apr. 2026); 97 *Okla. Bar J.* 40 (Apr. 2026); and 58 *Advocate Mag.* 58 (Mar. 2026).

## V. APPELLEE MISCONSTRUES *RATHA III* AND SHIFTS BURDENS VIA INAPPOSITE CITATIONS

Appellee wrongly characterizes Rule 60(b)(6) review under *Ratha III* as mere "relitigation" (Reply at 3). En banc *Ratha III* holds that a court **legally errs** when it denies Rule 60(b)(6) relief to a prescient litigant whose position is confirmed by intervening authority. Proper Rule 60(b)(6) analysis requires evaluating how the change in law impacts the underlying judgment under the *Phelps v. Alameida* factors—an inquiry Appellee completely omitted. *Ratha III* also holds that the merits underlying the order(s) are fair game for de novo review. Appellant properly invokes *Ratha III* which is a new Rule 60(b)(6) standard, displacing Appellee's old citations. See e.g. "It Ain't Over 'Til It's Over: The En Banc Ninth Circuit Simplifies Its Retroactivity Analysis And Issues Rare Rule 60(b) Reversal," Morrison Foerster Appellate Alert (2026), available at

9

https://appeals.mofo.com/topics/it-ain-t-over-til-it-s-over-the-en-banc-ninth-circuit-simplifies-its-retroactivity-analysis-and-issues-rare-rule-60-b-reversal (June 30, 2026)

Finally, Appellee's citation to *Obrey v. Johnson*, 400 F.3d 691 (9th Cir. 2005) (Reply at 9)—a Title VII jury instruction case regarding harmless trial error—is wholly inapposite. First, there was absolutely no trial in this case but a state Anti-Slapp "merit" judgment which demanded evidence - a procedure strictly displaced under Berk. Second, under *United States v. Hooton*, the heavy burden rests exclusively on Appellee to prove the questions on appeal are "so insubstantial as not to need further argument." Appellee's bad-faith attempt to evade *Berk* and *Ratha III* while omitting the mandatory *Phelps* factors confirms that their *Hooton* motion must be denied. Appellee should be warned against their deceptive corporate strategy which is common against an independent litigant. Scott L. Garland, Avoiding Goliath's Fate: Defeating a Pro Se Litigant, 24 LITIG. 45, 46 (1998) . (commenting that in his experience as a clerk at a federal district court, "[m]any lawyers seem to think that litigating against a pro se party gives the lawyer license to litigate like a pro se party, by omitting legal citations, making conclusory statements, forgoing affidavits and evidence in favor of ipse dixit, and failing to evaluate the opponent's arguments.")

## VI. CONCLUSION

For the reasons documented herein, the questions presented in Appellant's Opening Brief are exceptionally substantial, novel, and anchored to Appellees' total record defaults. Summary disposition under *Hooton* is an extraordinary measure that is entirely unavailable when an appeal places major, standard-shifting changes in Supreme Court and circuit law squarely before the court.  Appellant respectfully prays that this Court **DENY** Appellees' motion for summary disposition / affirmance, order Appellees to file a substantive Answering Brief, calendar this matter for oral argument to preserve due process, and caution Appellees for bringing a motion which is not anchored in the issues of the current appeal in order to deny Appellant's right to be heard.

Respectfully submitted,

/s/ Terrance Walker
**Terrance Walker**                              **Dated July 22, 2026**

*Appellant, in propria persona*

11