THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON CANNON & GORMLEY
9950 West Cheyenne Avenue
Las Vegas, NV 89129
tdillard@ocgattorneys.com
702-384-4012
702-383-0701 fax
Attorney for Defendant/Appellee
DANIEL GERMAIN

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE WALKER,<br><br>    Plaintiff-Appellant<br><br>vs.<br><br>INTELLI-HEART SERVICES INC., *et al*<br><br>    Defendants-Appellees. | No. 26-2424<br><br>On Appeal from the United States District Court for the District of Nevada<br>No. 3:18-cv-00132-MMD-CLB |

## APPELLEE DANIEL GERMAIN'S RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY

COMES NOW Appellee DANIEL GERMAIN by and through the undersigned counsel of record, JAMES R. OLSON and THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON CANNON & GORMLEY, and hereby responds and opposes Appellant's motion to file a sur-reply [DktEntry 14:1].

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    There is Not Good Cause to Allow a Sur-Reply

The Court should deny Appellant Terrence Walker ("Walker") leave and allow him to once again vexatiously multiply the filings in this case by filing a sur-reply. Federal Rule of Appellate Procedure authorizes no such document. Pursuant to Rule 27(a), when a motion is filed a party may file a response and, thereafter, reply points and authorities may also be submitted by the movant. No provision is made, however, for a response to the reply points and authorities or a sur-reply.

Obviously, the reason behind this is that--were it allowed--the parties would never cease bickering. To each response lodged by one party, another response would follow. Walker is clearly allowed one bite at the apple, and only one, in responding to a motion for summary disposition. It is his obligation to specifically address all concerns that he thinks are relevant to showing why the motion should be denied. The reply exists to simply clarify disagreements between the movant's position and the opposing party. That is what was done in this case. Therefore, Walker's improper sur-reply adds nothing to the litigation and leave should be denied for the filing and consideration of the fugitive document.

/ / /

2

## II. Walker's Rule 60(b) Arguments Do Not Establish Extraordinary Circumstances or a Substantial Question for Appeal.

Should the Court consider Walker's latest brief, summary disposition clearly remains appropriate because this appeal presents no substantial question requiring full briefing. Walker again seeks to reopen a case that was dismissed with prejudice in March 2020 and has since been the subject of repeated post-judgment motions, multiple unsuccessful appeals to this Court, denied rehearing petitions, and even denial of certiorari. There is no need to expand the filings for this Court to determine whether the issues pertinent to this appeal are too insubstantial to warrant full appellate briefing.

Again, Appellee's finality argument follows directly from that litigation history. The district court, this Court, and the United States Supreme Court have each declined to disturb the judgment. Rule 60(b) does not permit Walker to relitigate that final judgment merely by pointing to a later change in law unless the asserted change clearly affects the original ruling. Where there is doubt that an intervening change in law would alter the result, that doubt weighs heavily against Rule 60(b) relief. *Strafford v. Eli Lilly & Co.*, 801 F. App'x 467, 469–70 (9th Cir. 2020); *Jones v. Ryan*, 733 F.3d 825, 840 (9th Cir. 2013); *see also Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012).

Here, Walker's reliance on a procedural mechanism in *Berk v. Choy,* 607 U.S. 187, 146 (2026) does not change the merits of the claims or the fact that the district court dismissed the action with prejudice and this Court affirmed. The equitable balance in 60(b) motions favors finality here. This Court has recognized limited circumstances in which a change in controlling law can provide extraordinary circumstances that justify relief. *Henson v. Fidelity Nat'l Financial, Inc.*, 943 F.3d 434, 444 (9th Cir. 2019). Furthermore, when Rule 60(b)(6) motion is premised on a change in controlling law, courts must consider the motion individually, examine the particular circumstances presented, and weigh the interest in finality against the court's obligation to ensure justice is served in light of all the facts. *Hornsby v. Alcoa Inc*., No. 2:14-CV-00394-SAB, 2026 WL 688122, at *2 (E.D. Wash. Mar. 11, 2026).

As aforementioned, the district court found that Walker had no contractual or equitable relationship with Intelli-Heart Services Inc. ("IHS") because James Winters, IHS's regional sales distributor and the third party with whom Walker allegedly contracted, lacked authority to bind the company. As a result, Walker's unjust enrichment claims failed because he could have had any reasonable expectation of payment from IHS. This Court affirmed the district court. Therefore, the interest in finality outweighs any interest in justice because his claims

4

underlying this appeal have already been found meritless and lack sufficient legal and factual basis to succeed.

## **CONCLUSION**

FOR THE FOREGOING REASONS, Appellee Daniel Germain respectfully requests that this Court to deny Walker leave to file even one more fugitive document in this case. Further, whether the Court entertains Walker's latest filing or not, Appellee Germain renews the request to dismiss Walker's latest appeal as insubstantial. This case is unsupported by the extraordinary circumstances required for Rule 60(b) relief to warrant any further reconsideration or review.

RESPECTFULLY SUBMITTED this 28th day of July, 2026.

OLSON CANNON & GORMLEY

By:    */s/ Thomas D. Dillard, Jr., Esq.*
THOMAS D. DILLARD, JR., ESQ.
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendant/Appellee,
DANIEL GERMAIN

# <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Ninth Circuit Rule 25-5 about electronic filing, a certificate of service is not required. Most filings submitted through the Appellate Electronic Filing System that are served electronically do not require a certificate of service. *See* Ninth Circuit Rule 25-5(f)(1).

I HEREBY CERTIFY that on the 28th day of July, 2026, I served the foregoing, **APPELLEE DANIEL GERMAIN'S RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY**, through the CM/ECF system of the United States Court of Appeals for the Ninth Circuit upon the following, as well as upon any and all parties subscribed thereto.

 /s/ Nan Langenderfer
An Employee of OLSON CANNON & GORMLEY