No. 26-2424

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

*TERRANCE WALKER*
Plaintiff-Appellant,

**V.**

*Intelli-heart Services Inc, et. al.*
Defendants-Appellees.

_____

**On Appeal from the United States District Court
for the District of Nevada, Reno**

**APPEAL OF, *INTER ALIA*, POST-JUDGMENT MOTIONS ASSERTING
NEW PRECEDENTS <u>BERK V. CHOY</u> and <u>RATHA v. RUBICON
RESOURCES, LLC</u>**

Case No. CV 3:18-cv-00132

_____

**NOTICE OF APPELLEE'S TOTAL OMISSION OF EN BANC
PRECEDENT (RATHA III) AND MANDATORY PHELPS / HENSON
FACTORS**

_____

**Terrance Walker**
518 Duong 3/2 Dist 10, Ward 14, HCMC VietNam 70000
Phone: +1(775)971-8679
email: walkerbillion@gmail.com

1

**COMES NOW** Appellant Terrance Walker respectfully submits this Notice to direct the Court's attention to fatal defaults in Appellee's Response [DktEntry 18, 19.1]:

**1. *Ratha III* Rejects Appellee's "Vexatious" and "Relitigation" Narrative**

Appellee completely ignores the controlling en banc precedent in ***Ratha v. Rubicon Resources, LLC* ("Ratha III")**, 168 F.4th 541 (9th Cir. 2026) (en banc). Crucially, *Ratha III* nowhere deemed a post-judgment Rule 60(b)(6) motion based on intervening legal authority to be "vexatious," "repetitive," or  "relitigation." To the contrary, *Ratha III* explicitly held that invoking Rule 60(b)(6) following a major standard-shifting change in law such as *Berk v. Choy* is a proper mechanism for *de novo* review of the underlying erroneous orders which are incorporated.

**2. "Re-Litigating" 2020 Merits Confirms Appeal Is Not Insubstantial**

By re-arguing underlying contract, agency, and unjust enrichment facts on pages 4–5 of DktEntry 19.1, Appellee affirmatively demonstrates that this appeal presents contested legal and factual issues that require full merits briefing, rendering summary disposition under *Hooton* unavailable.

### 3. Appellee's "Finality" Arguments Favor Appellant and is Fatal

"Third, it was inappropriate to focus solely on the 'abstract interest in finality, but not, as Phelps instructed, whether [the parties] had any reliance interest in the finality of the judgment.'" *Venoco, LLC v. Plains Pipeline, L.P.*, No. 21-55193, 2022 WL 1090947, at *2 (9th Cir. Apr. 12, 2022) (quoting *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 450 (9th Cir. 2019)).

Appellee presents zero evidence of a concrete, detrimental reliance interest under ***Henson v. Fidelity National Financial, Inc***., 943 F.3d 434, 450 (9th Cir. 2019), relying exclusively on the "abstract interest in finality" that this Court expressly rejected.  Appellee's repeated *ad nauseum* empty chants of "finality" are fatal.  In fact, this *supports* Appellant because,

"Where a party cannot demonstrate '<u>any reliance interest</u> in the finality of the judgment,' this factor 'weighs in favor of granting the Rule 60(b)(6) motion.'"    *Phelps v. Alameida*, 569 F.3d 1120, 1138 (9th Cir. 2009).

Respectfully submitted,

 /s/ Terrance Walker          Dated: July 28, 2026

Terrance Walker

Plaintiff-Appellant, In Propria Persona

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2026 I electronically filed the Foregoing

**NOTICE OF APPELLEE'S TOTAL OMISSION OF EN BANC**

**PRECEDENT (RATHA III) AND MANDATORY PHELPS / HENSON**

**FACTORS**, with the Clerk of the Court for the United States Court of

Appeals for the Ninth Circuit by using the appellate

CM/ECF system. I certify that all participants in the case are registered

CM/ECF

users and that service will be accomplished by the appellate CM/ECF

system.

/s/ Terrance Walker

Terrance Walker