**No. 26-2424**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

***TERRANCE WALKER***
Plaintiff-Appellant,

**V.**

***Intelli-heart Services Inc, et. al.***
Defendants-Appellees.

---

**On Appeal from the United States District Court**
**for the District of Nevada, Reno**

**APPEAL OF, *INTER ALIA*, POST-JUDGMENT MOTIONS ASSERTING 2026 SUPREME COURT PRECEDENT BERK V. CHOY and NINTH CIRCUIT EN BANC RATHA v. RUBICON RESOURCES, LLC (RATHA III)**

Case No. CV 3:18-cv-00132

---

# MOTION FOR LEAVE TO FILE, AND PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

**Terrance Walker**
518 Duong 3/2 Dist 10, Ward 14, HCMC VietNam 70000
Phone: +1(775)971-8679
email: walkerbillion@gmail.com

**COMES NOW** Plaintiff-Appellant Terrance Walker, respectfully moving this Court for leave to file this consolidated Petition for Panel Rehearing and Rehearing En Banc, and submitting the Petition on the merits pursuant to Federal Rules of Appellate Procedure 35 and 40 and Ninth Circuit Rules 35-1 and 40-1.

## I. MOTION FOR LEAVE: THE PANEL'S NON-STATUTORY "NO FURTHER FILINGS" DIRECTIVE CANNOT CONSTITUTIONALLY STRIP STATUTORY REHEARING RIGHTS

On August 25, 2026, the motions panel entered a one-page summary affirmance and directed that "[t]his court will not entertain further filings in this closed case." While summary disposition language may bar administrative post-judgment motions, it cannot abrogate an appellant's fundamental due process and statutory right under Federal Rules of Appellate Procedure 35(b)(1)(A) and 40 to petition the full active bench when a panel ruling creates a direct, irreconcilable conflict with governing Supreme Court and *en banc* precedent.

This Court has established stringent requirements before a court may restrict a litigant's access by imposing filing barriers. Such an order cannot be constitutionally imposed without providing: (1) notice to the litigant, (2) an opportunity to be heard, (3) the development of an adequate record detailing specific frivolousness, and (4) an order that is narrowly tailored. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007) (adopting factors from *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, the panel satisfied none of the *Molski* prongs. Nor did the court below as shown in the minute orders appealed (EFC 270,272)(See Exhibit A). Appellant

was given no notice that the Court was contemplating an access restriction, no opportunity to be heard on whether such a restriction was warranted, and no record development of specific frivolousness or vexatiousness. The order is not narrowly tailored: it bars all further filings—in a case where Appellant raised substantial, novel questions under two 2026 precedents that the panel never addressed. By issuing a one-line affirmance, the panel's order and actions constitute a summary administrative deprivation of due process that cannot override Supreme Constitutional mandates.

Leave should be granted to permit this combined filing.

## II. PETITION FOR PANEL REHEARING

### A. The Panel Overlooked That the "True Merits" Have Never Been Heard

The district court's March 2020 order (ECF 206) did not rest on federal pleading standards. It explicitly granted dismissal "under Nevada's anti-SLAPP statute" and expressly "decline[d] to address Defendants' 12(b)(6) arguments" (ECF 206, at 1). Thus, the true merits of Appellant's claims have never been heard under federal law.

This procedural default is fatal to summary affirmance. Magistrate Judge Baldwin previously held in ECF 135 (p. 9) that Appellant's operative Second Amended Complaint satisfied Federal Rule of Civil Procedure 8(a)(2): *"the court cannot conclude the proposed amendments are entirely futile at this stage."* (See Exhibit C) Under *Berk v. Choy*, 607 U.S. 187, 146 S. Ct. 546 (2026), Rule 8 operates as an unyielding, trans-substantive procedural ceiling under the Rules Enabling Act, 28

U.S.C. § 2072(b). Because Appellant's complaint cleared Rule 8—the exclusive federal standard—the district court lacked statutory authority to subject it to a displaced state "merits" screen.

This Court's *en banc* decision in *Gopher Media LLC v. Melone*, 154 F.4th 696 (9th Cir. 2025) (*en banc*), confirms the preemption problem: an anti-SLAPP special motion to strike is "inextricably bound up with the factual and legal 'merits' of the dispute." By operating directly on the merits to screen claims at the gatekeeping stage, Nevada's mechanism attempts precisely what *Berk* forbids: forcing a federal judge to evaluate evidence and screen factual validity ("merits") before the uniform federal discovery timeline begins.

Under *Phelps v. Alameida*, 569 F.3d 1120, 1140 (9th Cir. 2009), *"a central purpose of Rule 60(b) is to correct erroneous legal judgments that, if left uncorrected, would prevent the true merits of a petitioner's constitutional claims from ever being heard."* Here, the district court's anti-SLAPP dismissal and its subsequent Rule 60(b)(6) denial incorporated that same procedural error, permanently barring federal adjudication of Appellant's fully briefed $156,914 Rule 56 Motions for Partial Summary Judgment (ECF Nos. 158, 171). The panel's summary affirmance does not explain how a state "merits" dismissal survives when federal Rule 8 sufficiency was already established, or how the "true merits" can be deemed insubstantial when they were never reached.

**B. The Panel Overlooked *Ratha III*, the Prescient Litigant, *De Novo incorporation*, and the *Phelps* Finality Framework**

*Ratha III* held that when a district court denies a Rule 60(b)(6) motion and "incorporates" an underlying legal error, the denial is stripped of discretionary deference and the underlying merits are subject to *de novo* review. *Ratha v. Rubicon Resources, LLC*, 168 F.4th 541, 547 (9th Cir. 2026) (*en banc*). The district court's April 2026 denial incorporated its prior anti-SLAPP analysis—a procedure now squarely implicated by *Berk*. The panel's silence on *Ratha III* leaves no record that the *de novo* mandate was satisfied.

*Ratha III* explicitly established that "the merits of an underlying final order are properly reviewed on a post-judgment appeal because a subsequent Rule 60(b) motion effectively 'incorporates' the prior flawed reasoning." The *en banc* court further held that intervening clarifications of law—whether statutory or judicial—annihilate rigid finality barriers and strictly require a district court to evaluate the mature claim squarely on its true merits. Here, *Berk* and *Ratha III* themselves constitute the clarifying judicial mandates that annihilate the rigid finality barriers Appellees invoke.

Critically, *Ratha III* recognized that a litigant's persistent, good-faith effort to secure correct legal authority—including by raising the issue before the Supreme Court—is the hallmark of the diligence that supplies the "extraordinary circumstances" required for Rule 60(b)(6) relief. As the *Ratha III* majority expressly noted:

*"The dissent correctly notes that Plaintiffs' petition for certiorari did not address their claims against Defendant. Dissent at 52 n.6. But the dissent's speculation about Plaintiffs' strategy does not undermine our conclusion..."* Id. at 549 n.8.

Just as *Ratha III* held that even a brief before the Supreme Court exhibited diligence which provided the Rule 60(b)(6) extraordinary circumstances, Appellant did more, he previously perfected Petition for Writ of Certiorari No. 21-832 before the United States Supreme Court, specifically *addressing* the displacement of federal pleading standards by Nevada's state anti-SLAPP merits-screening device—the identical Rule 8 bypassing conflict that *Berk* later resolved. (See Exhibit B). Appellant's earlier certiorari petition demonstrates the continuous model diligence that this Court's *en banc* mandate explicitly protects. Appellant cannot be faulted for doing what the federal rules require.

Moreover, under *Phelps*, 569 F.3d at 1138, *"where a party cannot demonstrate 'any reliance interest in the finality of the judgment,' this factor 'weighs in favor of granting the Rule 60(b)(6) motion.'"* Appellees presented zero evidence of a concrete, detrimental reliance interest, relying exclusively on the "abstract interest in finality" that this Court has expressly rejected. *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 450 (9th Cir. 2019). Because the true merits were never reached, and because Appellees cannot show prejudice from reopening a judgment that mooted $156,914 in fully briefed Rule 56 motions without federal adjudication, the equitable balance under *Phelps* strongly favors relief.

### C. The Panel Misapprehended the *Hooton* Standard by Treating Ground-Breaking, Standard-Shifting Precedents as Manifestly Insubstantial

*Hooton* permits summary disposition only when the outcome is "beyond dispute" and the issues are "so insubstantial as not to need further argument." 693 F.2d at 858. That standard cannot be met when an appeal requires this Court to reconcile a

state anti-SLAPP statute with a Supreme Court holding on federal pleading preemption, and to apply for the first time an *en banc* standard governing retroactivity and *de novo* review of Rule 60(b)(6) denials.

*Berk v. Choy* and *Ratha III* are not minor adjustments; they are ground-breaking, standard-shifting intervening precedents issued months before this appeal. Multiple circuits are actively grappling with *Berk*'s application to state procedural requirements. See, e.g., *DiFraia v. Ransom*, No. 24-2673 (3d Cir. Mar. 31, 2026); *Oldnar Corp. v. Sanyo N. Am. Corp.*, 2026 WL 1546287 (6th Cir. May 12, 2026). A question actively dividing the federal courts—and governed by a Supreme Court mandate and a Ninth Circuit *en banc* decision published within the same calendar year—cannot be "manifestly insubstantial."

Compounding the error, the panel evaded Appellant's clerk-approved 53-page Opening Brief (Dkt. No. 4), which squarely presented the groundbreaking *Berk* and *Ratha III* issues, by substituting a one-page procedural shortcut. A motions panel cannot declare an appeal "insubstantial" under *Hooton* while bypassing the very brief that demonstrates its substantiality. Appellees themselves failed to cite *Berk* or *Ratha III* in their opening *Hooton* motion, raising them only in reply (DktEntry 13.1), yet the panel rewarded this procedural gamesmanship by granting summary disposition without ever engaging the central authorities. This is precisely the type of "high-speed administrative shortcut" that *Ratha III* was designed to correct. By issuing a one-line affirmance without engaging these authorities or the fully developed record, the panel misapprehended the high threshold *Hooton* requires.

### D. Under *Miller v. Gammie*, the Panel Was Required to Follow Both *Ratha III* and *Berk*

Under this Court's *en banc* decision in *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (*en banc*), a three-judge panel has a non-discretionary duty to follow intervening higher authority when it is "clearly irreconcilable" with prior circuit precedent. As this Court held:

*"We hold that in circumstances like those presented here, where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled."* Id.

The panel here violated that mandatory duty in two respects:

First, *Ratha III* is an *en banc* decision of this Court that fundamentally altered the procedural framework for Rule 60(b)(6) review. It commands *de novo* review of underlying errors, recognizes the prescient litigant where intervening legal clarifications, raised by a party previously, annihilate rigid finality. Any prior Ninth Circuit panel authority suggesting that Rule 60(b)(6) appeals from anti-SLAPP dismissals are "insubstantial" or that finality bars relief without *de novo* review is clearly irreconcilable with *Ratha III*. Under *Miller v. Gammie*, the motions panel was bound to apply *Ratha III* and could not summarily affirm without doing so.

Second, *Berk v. Choy* is a Supreme Court mandate holding that Federal Rule 8 is a trans-substantive procedural ceiling that preempts state evidentiary gatekeepers.

Any prior Ninth Circuit authority permitting state anti-SLAPP statutes to operate as merits-screening devices in federal court is clearly irreconcilable with *Berk*'s reasoning. Under *Miller v. Gammie*, "where intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," this Court is "bound by the intervening higher authority." The panel could not lawfully ignore *Berk* simply because the case arose from a different state procedural context. *Miller v. Gammie* expressly holds that "the issues decided by the higher court need not be identical in order to be controlling." 335 F.3d at 900. The Supreme Court "must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." They have. The panel's failure to follow both *Ratha III* and *Berk* was not discretionary; it was a violation of the law-of-the-circuit doctrine this Court enshrined in *Miller v. Gammie*.

### E. The Panel's "No Further Filings" Directive Was Issued Without Notice or Opportunity to Be Heard, in Violation of *Molski* and Due Process

The panel's directive that "this court will not entertain further filings in this closed case" functions as a de facto restriction on, and a denial of, Appellant's access to the courts. This Court has established stringent requirements before a court may restrict a litigant's access by branding them vexatious or imposing filing barriers. Such an order cannot be constitutionally imposed without providing: (1) notice to the litigant, (2) an opportunity to be heard, (3) the development of an adequate record detailing specific frivolousness, and (4) an order that is narrowly tailored. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007) (adopting factors from *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, the panel satisfied none of the *Molski* prongs. Appellant was given no notice that the Court was contemplating an access restriction, no opportunity to be heard on whether such a restriction was warranted, and no record development of specific frivolousness. The order is not narrowly tailored: it bars all further filings—including statutorily authorized petitions for rehearing under FRAP 35 and FRAP 40—in a case where Appellant raised substantial, novel questions under two 2026 precedents that the panel never addressed. By asking this Court to summarily rubber-stamp a collateral "vexatious" narrative derived from misdescriptions of Appellee without satisfying a single prong of the *Molski* standard, the panel's order constitutes a summary administrative deprivation of due process.

Because the panel's non-statutory access restriction was imposed without due process, it cannot bar this statutorily authorized petition for rehearing. This petition is not a collateral attack; it is the specific procedural mechanism provided to correct an order that failed to address the controlling law on which the appeal was based. To hold otherwise would effectively deny the right to seek rehearing in any case where a panel issues a one-line affirmance and a non-statutory access restriction.

## III. PETITION FOR REHEARING EN BANC

Rehearing en banc is urgently required under FRAP 35(a)(1) and (a)(2) because the summary affirmance creates a direct, irreconcilable conflict with governing Supreme Court and *en banc* circuit precedent, and presents a question of exceptional importance.

### A. Direct Conflict with Governing *En Banc* Precedent

Under *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (*en banc*), a three-judge panel's decision is "clearly irreconcilable" with a subsequent *en banc* decision when its core reasoning cannot coexist with the *en banc* mandate. Here, the panel's summary affirmance is irreconcilable with *Ratha III* in three respects:

1. The *De Novo* Mandate: *Ratha III* commands that when a district court incorporates an underlying legal error into a Rule 60(b)(6) denial, the appellate court must review the underlying merits *de novo*. The panel never conducted that review.
2. The Prescient Litigant: *Ratha III* held that a diligent litigant who unceasingly preserves a legal argument—including through Supreme Court certiorari petitions—supplies the "extraordinary circumstances" for Rule 60(b)(6) relief. The panel ignored this framework entirely.
3. The Annihilation of Rigid Finality: *Ratha III* held that intervening clarifications of law "annihilate rigid finality barriers." The panel's order did the opposite: it used rigid finality to insulate a state procedural gatekeeper from a Supreme Court preemption mandate.

A motions panel cannot silently ignore a binding *en banc* precedent and a Supreme Court mandate without creating an intra-circuit conflict that threatens the uniformity of this Court's law.

### B. Exceptional Importance

The question presented is of exceptional importance: Whether a Ninth Circuit motions panel may summarily affirm a district court's Rule 60(b)(6) denial as "insubstantial" without addressing a newly issued Supreme Court procedural mandate (*Berk*) and a newly issued *en banc* standard of review (*Ratha III*) that squarely govern the case. If allowed to stand, the panel's order would establish that

a one-page *Hooton* affirmance can override binding *en banc* and Supreme Court precedent simply by declining to mention it. That proposition would render circuit precedent optional in the motions context and eviscerate the *en banc* process.

### C. The Panel's Order Overrules *Ratha III* and *Berk* Without Analysis

The *en banc* court in *Ratha III* issued a rare Rule 60(b) reversal precisely because a district court had rigidly applied finality to ignore an intervening change in law. The panel here repeated the identical error—affirming a district court that ignored *Berk* and *Ratha III*—and then added a non-statutory filing bar to prevent correction. This Court cannot permit a three-judge motions panel to nullify an *en banc* mandate and a Supreme Court decision through procedural silence.

### D. *Miller v. Gammie* Required the Panel to Follow Both *Ratha III* and *Berk*

As this Court held in *Miller v. Gammie*, a three-judge panel "should consider itself bound by the later and controlling authority" when prior circuit authority is "clearly irreconcilable" with intervening higher authority. 335 F.3d at 893. The panel here did the opposite: it treated prior circuit practice regarding summary affirmance of Rule 60(b) motions as controlling, even though that practice is clearly irreconcilable with *Ratha III*'s *de novo* mandate and *Berk*'s preemption command. Under *Miller v. Gammie*, the panel had no discretion to ignore these authorities. Its failure to follow them is not merely an oversight; it is a structural violation of the law-of-the-circuit doctrine that only this Court sitting *en banc* can correct.

## IV. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Grant leave to file this consolidated Petition;
2. Vacate the August 25, 2026 order of summary affirmance (DktEntry 23.1);
3. Restore the case to the active calendar for full merits briefing and argument; and
4. Order en banc consideration of this Petition under FRAP 35.

Respectfully Submitted,

/s/ Terrance Walker

Terrance Walker

**CERTIFICATE OF COMPLIANCE**

This filing complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), FRAP 35(b)(2) & FRAP 40(b) and contains 3,532 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). It further complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface of 14 points (Word format), Times New Roman.

I certify the above. Dated: August 26, 2026

/s/ Terrance Walker

Terrance Walker

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026 I mailed the Foregoing **MOTION FOR LEAVE TO FILE, AND PETITION FOR PANEL REHEARING AND REHEARING EN BANC**, to the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Terrance Walker

Terrance Walker

JAMES R. OLSON, ESQ.
THOMAS D. DILLARD, JR., ESQ.
9950 W. Cheyenne Avenue Las Vegas, Nevada 89129
Attorney for Appellee, DANIEL GERMAIN
jolson@ocgattorneys.com

HENRY LIVELY
The Lively Law Group, PC,
9870 Research Dr, Irvine, CA 92618-4310
Atty for Appellee, Intelli-heart Svcs. Inc, et. al.
dlively@livelylawgroup.com

# EXHIBIT A

# DISTRICT COURT'S MINUTE ORDERS

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2026 | 269 | MOTION to Reopen Case by Plaintiff Terrance Walker. Responses are due by 4/24/2026. (Walker, Terrance) (Entered: 04/10/2026) |
| 04/13/2026 | 270 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du on 4/13/2026.<br><br>The Court dismissed this action and entered judgment on March 4, 2020. (ECF Nos. 206 , 207 .) Since then, Plaintiff has made numerous attempts to essentially seek reconsideration by this Court and to pursue appellate review. Accordingly, the Court summarily denies yet another motion to reopen case (ECF No. 269 ).<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - DLS) (Entered: 04/13/2026) |
| 04/13/2026 | 271 | MOTION to Reconsider *to Alter or Amend the Order (ECF 270) Pursuant to F.R.Civ.P. 59(e) under precedents Berk v. Choy, 607 U.S. ___ (2026) and Ratha v. Rubicon Resources, LLC* re 270 Order on Motion to Reopen Case,, Minute Order, by Plaintiff Terrance Walker. Responses are due by 4/27/2026. (Walker, Terrance) (DJorder) (Entered: 04/13/2026) |
| 04/14/2026 | 272 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du on 4/14/2026.<br><br>The Court denies Plaintiff's motion for reconsideration (ECF No. 271 ). No further filings will be allowed in this closed case. The Clerk of Court is directed to strike all future filings.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - DLS) (Entered: 04/14/2026) |

**EXHIBIT B - SUPREME COURT PETITION No. 21-832, page 21**



explained that Rule 11 has the same purpose: "the central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) Also, the Noerr-Pennington doctrine sufficiently addresses immunized litigation conduct. Mitchell v. Water, No. 3:16-cv-00537-HZ, 8 (D. Or. Oct. 31, 2016)(noting claims did "not survive Defendants' motion to dismiss because they fail to state a First Amendment retaliation claim or relate to Defendants' litigation conduct immunized by the Noerr-Pennington doctrine")

Simply put, Rules 8, 11, 12, and 56 answer the same question as Nevada's(and other state) Anti-SLAPP laws, and, accordingly, they cannot apply in federal court. By exempting a substantial swath of litigation from the holdings of *Shady Grove* and Rules 8, 12, and 56, the Ninth Circuit and the panel opinion degrades Congress' authority under the Rules Enabling Act in a way contrary to the Constitution's text and history.

Rather than let these "side by side" exceptions to federal rules linger and metastasize in 31 states (and counting), this Court should grant certiorari and make good its pledge in *Shady Grove* to resolve conflicts as to the Necessary and Proper Clause and Rules Enabling Act so that federal plaintiffs can have their day in court.

Considering the democratic goals of the Necessary and Proper Clause, the consequences of the Ninth Circuit's fashioned rule are troubling, particularly in these cases where straight-forward procedures that were long-enshrined are short-circuited and overridden. Litigators are supposed to easily understand the rules to follow and be able to debate the merits of their case. But when 31 different States have their procedures "side by side" in federal court, it becomes unpredictable which procedure is to be followed. See Nunes v. Lizza, 476 F. Supp. 3d 824, 846 (N.D. Iowa 2020) finding "the Court finds that Rules 8, 12 and 56 are valid under the Rules

# EXHIBIT C - ECF 135, page 9



Under the rules, pleadings, including amended complaints, are sufficient so long the document provides "a short and plain statement" that shows the party is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). The court is also required to accept the allegations in the proposed complaint as true. Based on these standards and the liberal standards of construction applied to pro se litigants, the court cannot conclude the proposed amendments are entirely futile at this time. Simply put, the court is not convinced Walker's new claims for relief against the additional defendants would be dismissed based on a failure to state a claim for relief based on these liberal pleading standards. Therefore, this factor also weighs in favor of granting Walker leave to amend the complaint.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend the complaint (ECF No. 78) is **GRANTED**. The Clerk shall **DETACH** and **FILE** the second amended complaint attached as Exhibit One to ECF No. 79.

DATE: 4/9/2019

UNITED STATES MAGISTRATE JUDGE