**TERRANCE WALKER**

**518 Duong 3/2 , Dist 10, Ward 14, HCMC Vietnam**
**Phone: 775-971-8679**
**walkerbillion@gmail.com**

Molly C. Dwyer Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939 August 26, 2026

**Re:** *Walker v. Intelli-heart Services, Inc.*, No. 26-2424

LETTER CITING SUPPLEMENTAL AUTHORITY PURSUANT TO FED. R. APP. P. 28(j)

To the Honorable Judges of this Court:

Plaintiff-Appellant Terrance Walker respectfully directs the Court's attention to a post-*Berk* (Berk v. Choy) decision of the United States Court of Appeals for the District of Columbia Circuit that is directly relevant to the pending Petition for Panel Rehearing and Rehearing En Banc (filed August 26, 2026) and that creates an acknowledged circuit split on the precise question this appeal presents:

In *Akhmetshin v. Browder*, No. 25-7008, 2026 WL 3842897 (D.C. Cir. July 17, 2026), the D.C. Circuit held that the D.C. Anti-SLAPP Act cannot apply in federal court because its early-stage evidentiary merit-screening mechanism conflicts with the Federal Rules of Civil Procedure. The court reasoned that such state procedural gatekeepers are displaced by the uniform federal framework—precisely the holding of *Berk v. Choy*, 607 U.S. 187 (2026), that the motions panel in this case declined to address, deeming it "insubstantial".

This decision creates a direct and acknowledged circuit split with this Court's precedent in *Gopher Media LLC v. Melone*, 154 F.4th 696 (9th Cir. 2025) (*en banc*), and *Newsham v. Lockheed Missiles & Space Co.*, 171 F.3d 1208 (9th Cir. 1999), which permit state anti-SLAPP statutes to operate in federal court. The split is now sharpened by a post-*Berk*

appellate decision expressly holding that anti-SLAPP merit-screening is preempted in federal court.

Because this authority (1) was decided just weeks ago but after Appellant filed his brief in this appeal, (2) is directly contrary to the Ninth Circuit framework under which the district court dismissed this action, and (3) confirms that the panel's summary affirmance evaded a live, standard-shifting conflict between the circuits, Appellant respectfully requests that the Court take judicial notice of *Akhmetshin* in connection with the pending Petition for Panel Rehearing and Rehearing En Banc.

Respectfully submitted,
/s/ Terrance Walker

signed, Terrance Walker