**TERRANCE WALKER**

**Apt C105, Opal Garden Apartment,**
**Street 20 Hiep Binh Chanh Ward, Thu Duc City, HCMC Vietnam**
**Phone: 775-971-8679**
**walkerbillion@gmail.com**

Molly C. Dwyer Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

September 14, 2026

**Re:** *Walker v. Intelli-heart Services, Inc.*, No. 26-2424

LETTER CITING SUPPLEMENTAL AUTHORITY PURSUANT TO FED. R. APP. P. 28(j)

To the Honorable Judges of this Court:

Plaintiff-Appellant Terrance Walker respectfully directs the Court's attention to a *second* ***PUBLISHED*** post-*Berk* decision of the United States Court of Appeals that is directly relevant to the pending Petition for Panel Rehearing and Rehearing En Banc (filed August 26, 2026) and that sharpens the acknowledged circuit split on the precise question this appeal presents:

*Sahs v. Loyola Univ. New Orleans*, No. 25-30263, ___ F.4th ___, 2026 WL 3842897 (5th Cir. Sept. 11, 2026).

**Relevance**

In *Sahs*, the Fifth Circuit held that Louisiana's anti-SLAPP statute (Article 971) cannot apply in federal court because its early-stage evidentiary merit-screening mechanism conflicts with the Federal Rules of Civil Procedure. The court reasoned that the state statute "answers the same question as Rules 12 and 56" and "imposes

additional requirements beyond those found in Rules 12 and 56," and is therefore displaced under the Rules Enabling Act. The court explicitly relied on *Berk v. Choy*, 607 U.S. 187 (2026), in reaching this conclusion.

*Sahs* joins *Akhmetshin v. Browder*, No. 25-7008, ___ F.4th ___, 2026 WL 3842897 (D.C. Cir. July 17, 2026)], as the second published court of appeals decision in the past 60 days to hold that anti-SLAPP merit-screening is preempted in federal court under *Berk*. Together, these decisions confirm that the circuit split is not merely pre-*Berk* tension between *Abbas* and *Newsham*; it is a live, post-*Berk* division that is actively reshaping federal pleading practice nationwide.

This is directly contrary to any notion that this appeal was based on an insubstantial ground or that Berk was simply an irrelevant medical device case as Appellee claimed. Two recent published circuit decisions in the past 60 days dispute that characterization. *Neither the D.C. Circuit nor the Fifth Circuit treated Berk as a narrow medical-malpractice holding; both applied it as a trans-substantive procedural ceiling displacing state anti-SLAPP gatekeepers.*

Walker's case was never heard under proper federal grounds—the district court dismissed under Nevada's anti-SLAPP statute and explicitly declined to address federal Rule 12(b)(6) arguments (ECF 206). The true merits remain unadjudicated.

This Court's precedent in *Gopher Media LLC v. Melone*, 154 F.4th 696 (9th Cir. 2025) (*en banc*), and *Newsham v. Lockheed Missiles & Space Co.*, 171 F.3d 1208 (9th Cir. 1999), which permit state anti-SLAPP statutes to operate in federal court, is now in direct conflict with two sister circuits that have explicitly held the opposite under *Berk*'s framework.

Because this authority (1) was decided after Appellant filed his brief in this appeal, (2) is directly contrary to the Ninth Circuit framework under which the district court dismissed this action, and (3) confirms that the panel's summary affirmance evaded a live, standard-shifting, and now deepening conflict between the circuits, Appellant respectfully requests that the Court take judicial notice of *Sahs* and *Akhmetshin* in connection with the pending Petition for Panel Rehearing and Rehearing En Banc.

Respectfully submitted,

/s/ Terrance Walker

Terrance Walker

Plaintiff-Appellant, In Propria Persona

Dated: September 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I electronically filed the foregoing Rule 28(j) Letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Terrance Walker
Terrance Walker