**No. 26-2424**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

***TERRANCE WALKER***
Plaintiff-Appellant,

**V.**

***Intelli-heart Services Inc, et. al.***
Defendants-Appellees.

---

**On Appeal from the United States District Court**
**for the District of Nevada, Reno**

**APPEAL OF, *INTER ALIA*, POST-JUDGMENT MOTIONS ASSERTING 2026 SUPREME COURT PRECEDENT BERK V. CHOY and NINTH CIRCUIT EN BANC RATHA v. RUBICON RESOURCES, LLC (RATHA III)**

Case No. CV 3:18-cv-00132

---

# EMERGENCY MOTION TO RECALL MANDATE AND HEAR PETITION FOR PANEL REHEARING AND REHEARING EN BANC AND DIRECT CONFLICTS WITH BERK v. CHOY & CONSIDER BRIEF DKT 4

---

**Terrance Walker**
518 Duong 3/2 Dist 10, Ward 14, HCMC VietNam 70000
Phone: +1(775)971-8679 email: walkerbillion@gmail.com

Comes now Plaintiff-Appellant Terrance Walker, respectfully submitting this Emergency Motion to recall the mandate issued on September 16, 2026 (DktEntry 27.1) and to stay its effectiveness pending disposition of Appellant's timely filed Petition for Panel Rehearing and Rehearing En Banc (filed August 26, 2026), pursuant to Federal Rule of Appellate Procedure 41(b).

---

## I. THE MANDATE WAS ISSUED IN DIRECT VIOLATION OF FRAP 41(b)

Federal Rule of Appellate Procedure 41(b) provides:

*"If a petition for rehearing is timely filed, the mandate must issue 7 days after the entry of the order denying the petition unless the court orders otherwise."*

Appellant timely filed his Petition for Panel Rehearing and Rehearing En Banc on August 26, 2026—well within the 14-day deadline prescribed by FRAP 40(a)(1). As of the date of this Motion, no order denying that petition has been entered on the docket. The Clerk's issuance of the mandate on September 16, 2026, under these circumstances is a procedural nullity that directly contravenes the mandatory stay provision of FRAP 41(b).

The mandate itself cites only Rule 41(a)—the general rule governing issuance. It omits entirely the controlling provision of Rule 41(b), which automatically stays the mandate while a timely rehearing petition is pending. By bypassing the petition without entry of a denial order and issuing the mandate anyway, the Clerk has effectively adjudicated the rehearing petition by administrative fiat, depriving Appellant of the statutory right to have his petition ruled upon by the Court.

## II. THE MANDATE CONSTITUTES A PROCEDURAL AMBUSH THAT DEPRIVES APPELLANT OF DUE PROCESS

The sequence of events demonstrates a structural deprivation of due process:

1. August 25, 2026: The motions panel entered a one-page summary affirmance and a non-statutory directive that “this court will not entertain further filings in this closed case.”
2. August 26, 2026: Appellant filed his Petition for Panel Rehearing and Rehearing En Banc, challenging both the summary affirmance and the unconstitutional access restriction.
3. September 16, 2026: The Clerk issued the mandate—without any intervening order denying the rehearing petition—thereby treating the petition as denied by implication and rendering the judgment immediately effective.

This is the procedural equivalent of a denial without opinion, without analysis, and without the required order. Under *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007), a court may not restrict a litigant’s access without notice, an opportunity to be heard, development of an adequate record, and a narrowly tailored order. Here, the Court satisfied none of those requirements. Nor did the District Court. See Exhibit A. The panel never ruled on the rehearing petition; the Clerk simply issued the mandate as if the petition did not exist.

By issuing the mandate while the rehearing petition remains pending, the Court has:

- Denied Appellant the right to have his petition adjudicated by the judicial officers who issued the judgment;
- Foreclosed the en banc process before the full court could vote on whether to hear the case;
- Rendered moot the substantial supplemental authorities (Akhmetshin, Sahs) that Appellant filed under Rule 28(j) to alert the Court to a deepening circuit split due to two PUBLISHED opinions the past 60 days; and (Dkts. 25, 26)
- Violated the automatic stay that Congress and the Rules Committee enacted precisely to prevent this type of procedural ambush.

---

III. THE PENDING PETITION RAISES SUBSTANTIAL QUESTIONS THAT CANNOT BE DISPOSED OF BY ADMINISTRATIVE MANDATE

The rehearing petition raises issues of exceptional importance that the panel never addressed:

- Berk v. Choy, 607 U.S. 187 (2026): A Supreme Court mandate holding that Federal Rule 8 is a trans-substantive procedural ceiling that preempts state evidentiary gatekeepers.
- Ratha v. Rubicon Resources, LLC, 168 F.4th 541 (9th Cir. 2026) (*en banc*): This Court's own *en banc* decision commanding *de novo* review of underlying legal errors incorporated into Rule 60(b)(6) denials.

- Akhmetshin v. Browder, No. 25-7008, ___ F.4th ___, 2026 WL 3842897 (D.C. Cir. July 17, 2026): The D.C. Circuit holding post-*Berk* that anti-SLAPP merit-screening is preempted in federal court.
- Sahs v. Loyola Univ. New Orleans, No. 25-30263, ___ F.4th ___, 2026 WL 3842897 (5th Cir. Sept. 11, 2026): The Fifth Circuit reaching the identical post-*Berk* holding just days ago.

These two published circuit decisions in sixty days confirm that the Ninth Circuit is now isolated in permitting state anti-SLAPP statutes to operate as federal merit-screening devices. *On September 14, 2026, Appellant filed a Rule 28(j) letter citing Sahs v. Loyola (5th Cir. 2026) and Akhmetshin v. Browder, No. 25-7008, ___ F.4th ___, 2026 WL 3842897 (D.C. Cir. July 17, 2026), sharpening a live circuit split that the panel never addressed. The Clerk's issuance of the mandate the following day rendered those supplemental authorities moot before the Court could consider them.*

The panel's summary affirmance evaded this live, standard-shifting conflict. The Clerk's issuance of the mandate—before the Court could even rule on the petition—evades it again, this time by administrative shortcut.

Under *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (*en banc*), a three-judge panel is bound to follow intervening higher authority that is "clearly irreconcilable" with prior circuit precedent. The panel here never had the chance to apply that mandatory duty because the mandate issued before the petition was adjudicated. The mandate must be recalled so that the Court can perform its judicial function.

---

## IV. THE MANDATE, IF ALLOWED TO STAND, IRREPARABLY PREJUDICES APPELLANT

If the mandate is permitted to remain in effect:

- The district court will regain jurisdiction and may enforce the judgment, including entering orders that permanently foreclose Appellant's $156,914 in unadjudicated federal claims; Exhibits A, B, and C show no federal rule determinations were made that are consistent with *Berk* but a state merit screen.
- The rehearing petition and the *en banc* petition will be rendered academic, as the judgment will already be final and enforceable;
- Appellant will be stripped of the statutory right to seek rehearing that FRAP 40 was enacted to protect; and
- The circuit split on *Berk*'s application to anti-SLAPP statutes will be allowed to deepen without judicial resolution by this Court.

This is precisely the type of prejudice that FRAP 41(b) was designed to prevent. The automatic stay exists so that parties are not forced to defend against enforcement while their rehearing rights are still alive.

---

## V. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Recall the mandate issued on September 16, 2026 (DktEntry 27.1);
2. Stay the effectiveness of the mandate pending disposition of Appellant's timely filed Petition for Panel Rehearing and Rehearing En Banc;
3. Enter an order ruling on the merits of the rehearing petition; and
4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Terrance Walker

Terrance Walker

Plaintiff-Appellant, In Propria Persona

Dated: September 16, 2026

---

CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, I electronically filed the foregoing EMERGENCY MOTION TO RECALL MANDATE AND STAY PENDING DISPOSITION OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Terrance Walker

Terrance Walker

JAMES R. OLSON, ESQ.
THOMAS D. DILLARD, JR., ESQ.
9950 W. Cheyenne Avenue Las Vegas, Nevada 89129
Attorney for Appellee, DANIEL GERMAIN
jolson@ocgattorneys.com

HENRY LIVELY
The Lively Law Group, PC,
9870 Research Dr, Irvine, CA 92618-4310
Atty for Appellee, Intelli-heart Svcs. Inc, et. al.
dlively@livelylawgroup.com

# EXHIBIT A

# DISTRICT COURT'S MINUTE ORDERS

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2026 | 269 | MOTION to Reopen Case by Plaintiff Terrance Walker. Responses are due by 4/24/2026. (Walker, Terrance) (Entered: 04/10/2026) |
| 04/13/2026 | 270 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du on 4/13/2026.<br><br>The Court dismissed this action and entered judgment on March 4, 2020. (ECF Nos. 206 , 207 .) Since then, Plaintiff has made numerous attempts to essentially seek reconsideration by this Court and to pursue appellate review. Accordingly, the Court summarily denies yet another motion to reopen case (ECF No. 269 ).<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - DLS) (Entered: 04/13/2026) |
| 04/13/2026 | 271 | MOTION to Reconsider *to Alter or Amend the Order (ECF 270) Pursuant to F.R.Civ.P. 59(e) under precedents Berk v. Choy, 607 U.S. ___ (2026) and Ratha v. Rubicon Resources, LLC* re 270 Order on Motion to Reopen Case,, Minute Order, by Plaintiff Terrance Walker. Responses are due by 4/27/2026. (Walker, Terrance) (DJorder) (Entered: 04/13/2026) |
| 04/14/2026 | 272 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du on 4/14/2026.<br><br>The Court denies Plaintiff's motion for reconsideration (ECF No. 271 ). No further filings will be allowed in this closed case. The Clerk of Court is directed to strike all future filings.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - DLS) (Entered: 04/14/2026) |

**EXHIBIT B - SUPREME COURT PETITION No. 21-832, page 21**



explained that Rule 11 has the same purpose: "the central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) Also, the Noerr-Pennington doctrine sufficiently addresses immunized litigation conduct. Mitchell v. Water, No. 3:16-cv-00537-HZ, 8 (D. Or. Oct. 31, 2016)(noting claims did "not survive Defendants' motion to dismiss because they fail to state a First Amendment retaliation claim or relate to Defendants' litigation conduct immunized by the Noerr-Pennington doctrine")

Simply put, Rules 8, 11, 12, and 56 answer the same question as Nevada's(and other state) Anti-SLAPP laws, and, accordingly, they cannot apply in federal court. By exempting a substantial swath of litigation from the holdings of *Shady Grove* and Rules 8, 12, and 56, the Ninth Circuit and the panel opinion degrades Congress' authority under the Rules Enabling Act in a way contrary to the Constitution's text and history.

Rather than let these "side by side" exceptions to federal rules linger and metastasize in 31 states (and counting), this Court should grant certiorari and make good its pledge in *Shady Grove* to resolve conflicts as to the Necessary and Proper Clause and Rules Enabling Act so that federal plaintiffs can have their day in court.

Considering the democratic goals of the Necessary and Proper Clause, the consequences of the Ninth Circuit's fashioned rule are troubling, particularly in these cases where straight-forward procedures that were long-enshrined are short-circuited and overridden. Litigators are supposed to easily understand the rules to follow and be able to debate the merits of their case. But when 31 different States have their procedures "side by side" in federal court, it becomes unpredictable which procedure is to be followed. See Nunes v. Lizza, 476 F. Supp. 3d 824, 846 (N.D. Iowa 2020) finding "the Court finds that Rules 8, 12 and 56 are valid under the Rules

**EXHIBIT C - ECF 135, page 9**



Under the rules, pleadings, including amended complaints, are sufficient so long the document provides "a short and plain statement" that shows the party is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). The court is also required to accept the allegations in the proposed complaint as true. Based on these standards and the liberal standards of construction applied to pro se litigants, the court cannot conclude the proposed amendments are entirely futile at this time. Simply put, the court is not convinced Walker's new claims for relief against the additional defendants would be dismissed based on a failure to state a claim for relief based on these liberal pleading standards. Therefore, this factor also weighs in favor of granting Walker leave to amend the complaint.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend the complaint (ECF No. 78) is **GRANTED**. The Clerk shall **DETACH** and **FILE** the second amended complaint attached as Exhibit One to ECF No. 79.

DATE: 4/9/2019

UNITED STATES MAGISTRATE JUDGE