**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

TERRANCE WALKER, Plaintiff-Appellant,

v.

INTELLI-HEART SERVICES, INC., et al., Defendants-Appellees.

---

No. 26-2424 (District of Nevada, No. 3:18-cv-00132-MMD-CLB)

---

**NOTICE OF QUESTIONABLE APPLICATION OF NEVADA'S ANTI-SLAPP STATUTE AND OF THE JUDGMENT UPHOLDING IT, IN LIGHT OF BERK V. CHOY; OF THE DEPARTURE FROM THE LAW OF THIS CASE; AND OF THE JUDGMENT'S VOIDNESS AB INITIO**

Terrance Walker, in propria persona, files this notice for the sole purpose of placing on the docket of this case the following matters of record:

1. The judgment dismissing this action — entered March 4, 2020 by the United States District Court for the District of Nevada, upheld on appeal, and

mandated — rests on the application in federal court of Nevada's anti-SLAPP statute, Nev. Rev. Stat. §§ 41.635–41.670. That application is now dubious in light of this Court's intervening decision in Berk v. Choy, 607 U.S. 187 (2026), as two published circuits have since held, Akhmetshin v. Browder, 181 F.4th 1307 (D.C. Cir. 2026), and Sahs v. Loyola Univ. New Orleans (5th Cir. Sept. 11, 2026).

2. The Chief Judge of the District of Nevada has now acknowledged how doubtful applying Nevada anti-SLAPP in federal court is. Crampton v. City of Henderson, No. 2:25-cv-02392-APG-MDC (D. Nev. Sept. 28, 2026) (Gordon, C.J.) (holding that to the extent the statute requires findings by a preponderance of the evidence, "that directly collides with Federal Rules of Civil Procedure 12 and 56," and that ***Berk*** *"casts further doubt on applying a state's anti-SLAPP rules in federal court*"). Yet, a panel in this case held the issue is "insubstantial".

3. Petitioner's petition for a writ of certiorari presenting the question whether that statute's application in federal court survives ***Berk*** is pending before the Supreme Court of the United States. Petitioner maintains that the judgment of dismissal is void ab initio and void under Federal Rule of Civil Procedure 60(b)(4) because it rests upon the same displaced state anti-SLAPP procedure.

4. This Court has also addressed the decrees now barring petitioner's filings, and its current treatment departs from its own prior construction without

acknowledgment. In 2023, in this same case, this Court construed the district court's declaration that it "will not entertain any further filings in this closed case" and held that the order "does not prevent future filings." No. 22-15291 (Oct. 26, 2023). The rulings now enforced against petitioner — the summary affirmance of August 25, 2026 decreeing that "this court will not entertain further filings in this closed case," and the Clerk's nullification of petitioner's timely rehearing petition — treat the identical language as an absolute bar. That is a backpedaling from the law of this case, unexplained on the face of either ruling.

5. Petitioner further places on record the following position in advance: should this Court permit respondents to file any further paper, backpedaling again — to enforce the judgment, to collect fees or costs, or in aid of the bar — while petitioner's filings are refused, the asymmetry will speak for itself, and petitioner's objection is preserved now. The judgment is void ab initio. A judgment entered through a state procedural device that federal law has displaced, upheld by decrees this Court's own precedent forbids and its own prior construction disclaimed, is void from the start; no enforcement and no respondent's filing can make it otherwise. It's fiction and the filing restrictions, done without any record of notice or an opportunity to be heard, are yet another transparent attempt to sanitize this all from the record.

This notice requests no relief and makes no argument beyond the record; it is filed so that the docket reflects the present state of the authority on which the judgment rests, the departure from the law of this case, the stark departure from Supreme Court precedent and constitutional norms, and petitioner's position on the judgment's validity.

Dated: October 11, 2026

*/s/ Terrance Walker*

Terrance Walker, in propria persona

Unit C105, Opal Gardens, Street 20, Hiep Binh Chanh Ward, Thu Duc City, Ho Chi Minh City, Vietnam 70000

Telephone: +1 (775) 971-8679 | E-mail: walkerbillion@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2026, I served a copy of the foregoing notice on all counsel of record by the electronic filing system addressed as follows: James R. Olson, Esq. and Thomas D. Dillard, Jr., Esq., Olson Cannon & Gormley, 9950 W. Cheyenne Avenue, Las Vegas, NV 89129; Henry Daniel Lively, The Lively Law Group, PC, 9870 Research Dr, Irvine, CA 92618-4310.

*/s/ Terrance Walker*