**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

TERRANCE WALKER, Plaintiff-Appellant,

v.

INTELLI-HEART SERVICES, INC., et al., Defendants-Appellees.

---

No. 26-2424 (District of Nevada, No. 3:18-cv-00132-MMD-CLB)

---

**FURTHER SUPPLEMENTAL AUTHORITY**

---

**1. Supreme Court Affirmance and the De Novo Standard of Ratha III**

On October 13, 2026, the Supreme Court of the United States denied the petition for a writ of certiorari in Rubicon Resources, LLC v. Ratha, No. 26-105 (U.S. Oct. 13, 2026). Consequently, the en banc decision of the Ninth Circuit in Ratha v. Rubicon Resources, LLC, 168 F.4th 541 (9th Cir. 2026) (en banc) ("Ratha III"), is final and remains the binding, controlling law of this Circuit. Under Ratha III, when a court premises its post-judgment ruling on an erroneous legal proposition,

that ruling is stripped of discretionary deference, and the threshold question is subjected to de novo review. 168 F.4th at 546–49. Furthermore, Ratha III established that a litigant's persistent diligence in presciently raising, preserving, and pressing an issue up to the Supreme Court—well before an intervening doctrinal shift—satisfies the threshold of "diligence" required for relief under equity. Id. at 549 n.8.

**2. Erroneous Legal Premises and Defense Misdescriptions of the Law of the Case**

This notice stands as a preliminary objection to defense counsel's documented and anticipated strategy of misrepresenting procedural history to induce the Court into repeatedly shifting the law of the case:

**a. The False Premise of "Finality" via Certiorari Denial**: Defendants have repeatedly argued, and the record has reflexively adopted, the premise that prior denials of certiorari (e.g., in No. 21-832) established an unalterable, substantive bar of "finality" or unbending law of the case. Under bedrock Supreme Court doctrine, a denial of certiorari carries no precedential value and imports no expression on the merits. In *Ratha III,* the en banc court made clear that a prior certiorari denial does not preclude equitable relief; rather, continuous preservation through a petition for certiorari exemplifies the exact "diligence" that warrants relief when intervening authority subsequently vindicates the position. 168 F.4th at 549 n.8 which is what Plaintiff argued in his unexamined filings.

**b. The "Yet Another" Mischaracterization of a First-Time Rule 60(b)(4) Motion**: Defense counsel routinely mischaracterize Plaintiff's post-Berk filings as "yet another" repetitive round of litigation, seeking to invoke law-of-the-case principles where they cannot legally apply. A motion challenging a judgment as

void under Federal Rule of Civil Procedure 60(b)(4) for lack of subject-matter jurisdiction or the structural usurpation of federal procedural rules by an unconstitutional state anti-SLAPP gatekeeper is not discretionary, is never subject to law-of-the-case preclusion, cannot be procedurally defaulted, and cannot be brushed aside as "repetitive" when it represents the first substantive invocation of Berk v. Choy, 607 U.S. 187 (2026). Permitting defense misdescriptions to convert a threshold jurisdictional voidness challenge into mere vexatious repetition constitutes an erroneous legal premise that strips resulting orders of deference under Ratha III.

**3. The Recorded Institutional Practice of Sanitizing the Record and Total Denial of Access**

For legal researchers, scholars, and reviewing courts evaluating why regional federal practice often diverges from governing Supreme Court and en banc precedent, the docket in this action provides a clear case study in procedural sanitization and outright denial of access to the courts:

**a. Complete Denial of Access Without Vexatious or Frivolous Findings:** Rather than confronting the legal errors, the intervening mandate of ***Berk*** (which the Chief Judge has now confirmed as calling Nevada anti-SLAPP usage in federal court in doubt on Sept. 28, 2026), or the de novo review required by Ratha III, the district docket was sealed against Plaintiff through administrative instructions directing the Clerk to strike all future filings. Crucially, the Court made no finding that Plaintiff's filings were vexatious, bad faith, or frivolous. There was no notice, no order to show cause, no evidentiary hearing, and no specific factual findings whatsoever—the mandatory due process prerequisites established in Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007) and De Long v.

Hennessey, 912 F.2d 1144 (9th Cir. 1990). Instead of a narrowly tailored pre-filing order entered upon an evidentiary record of abuse, the Court imposed an absolute, unconditional pre-filing lockout that operates as a complete denial of court access to a litigant pursuing vindicated constitutional rights.

**b. Unreasoned Summary Affirmance:** Upon appeal (No. 26-2424), a motions panel issued a summary affirmance citing local screening authority that avoided any substantive analysis of Berk, Ratha III, or the active multi-circuit split, simultaneously decreeing that no further filings would be entertained.

**c. Ministerial Nullification of En Banc and Rehearing Rights:** When Plaintiff filed a timely Petition for Panel Rehearing and Rehearing En Banc under Federal Rules of Appellate Procedure 35 and 40, the Circuit Clerk's Office unilaterally annotated the entry as "[no action necessary]" without judicial action, issuing the mandate in contravention of FRAP 41(b)'s mandatory stay. The Clerk's Office formally documented in writing that it would "take no action on any further filings in the case, including the petition for rehearing."

**4. Conclusion**: Notice for Scholarly Purposes and Preliminary Objection for the Record This notice is filed without an accompanying prayer for relief, motion, or request for judicial action. It serves as an immutable marker on the public record for scholarly review and stands as Plaintiff's explicit preliminary objection to any further efforts by defense counsel to sanitize the record, distort procedural history, or manipulate the law of the case to insulate void judgments from binding Supreme Court (Berk v. Choy) and en banc (Ratha III) authority. In sum, these higher authorities have confirmed two things apparent in this matter. That this judgment was entered without any federal authority and it should be examined *de novo* – neither of which occurred here.

Dated: October 15, 2026

*/s/ Terrance Walker*

Terrance Walker, in propria persona

Unit C105, Opal Gardens, Street 20, Hiep Binh Chanh Ward, Thu Duc City, Ho Chi Minh City, Vietnam 70000

Telephone: +1 (775) 971-8679 | E-mail: walkerbillion@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I served a copy of the foregoing notice on all counsel of record by the electronic filing system addressed as follows: James R. Olson, Esq. and Thomas D. Dillard, Jr., Esq., Olson Cannon & Gormley, 9950 W. Cheyenne Avenue, Las Vegas, NV 89129; Henry Daniel Lively, The Lively Law Group, PC, 9870 Research Dr, Irvine, CA 92618-4310.

*/s/ Terrance Walker*